## SCHREIBER ET AL. *v.* WORM.

### [No. 20,328.   Filed December 29, 1904.]

1. APPEAL AND ERROR.—*Supreme Court Rules.*—*Brief.*—Where appellants assign as error the overruling of their demurrer to the complaint, but in their brief merely point out the pages of the transcript where such complaint may be found, such error is waived, since such appellants are required by Supreme Court rule 22, clause 5, to set out a concise statement of so much of the record as to present fully every question relied on.   p. 9.

2. PRINCIPAL AND SURETY. — *Alteration of Contract.* — *Release of Surety.*—Where it is alleged that there had been a material alteration of the building contract between the contractor and the owner of the building, but it is clearly shown that such alteration occurred before the execution of the contract, the sureties on the bond given to secure the performance of the contract by the builder are not discharged. p. 11.

3. SAME. — *Alteration of Contract.* — *Consent of Surety.* — Where a building contract provides for modifications of the plans and specifications of such building, and for certain payments, and the owner with the consent of the sureties overpaid such sums, and such owner was also compelled to pay a judgment, foreclosing a mechanic's lien, rendered in favor of a person not paid by such principal, such sureties are not released.   p. 11.

4. SAME.—*Builders' Contracts.*—*Bond.*—Building contracts containing provisions for modifications should receive a liberal construction. The sureties on a builder's bond do not stand in the same relation to the principal contract as do the sureties on a note or other bond which itself constitutes the entire agreement, but, in order to be discharged because of a violation of the principal contract, they must show that they have been damaged.   p. 12.

5. SAME.—*Failure of Owner to Insure House.*—*Discharge.*—Where a building contract provides that the owner shall insure the building for the benefit of the contractor, a failure so to do, where no fire occurs, does not entitle the sureties to a discharge.   p. 12.

From Superior Court of Marion County (62,030); *J. M. Leathers,* Judge.

Action by Albert R. Worm against Frederick Schreiber and others. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Charles A. Dryer* and *Henry N. Spaan,* for appellants.
*J. E. McCullough,* for appellee.

DOWLING, C. J.—The appellant Schreiber, as principal, and his co-appellants Schaub and Ittenbach, as his sureties, executed to the appellee Worm a bond in a penalty of $5,700 to secure the performance by Schreiber of a building contract. The condition of the bond was that the same should be void if Schreiber faithfully furnished the materials and labor and fully erected and completed a two-storied brick business block, with living rooms on the second floor, at No. 1225 and No. 1227 Oliver avenue, in the city of Indianapolis, according to the plans and specifications therefor prepared by an architect, in all respects agreeably to a contract in writing between Schreiber and Worm for the construction of said block, subject to all such modifications, alterations, changes of, additions to, or omissions from, such plans and specifications as should be made agreeably to said contract; and if he held Worm harmless from all claims on account of labor and materials and from all loss, damage, cost, or outlay by reason of the erection of said buildings. The contractor having done work and furnished materials under the contract to a considerable amount, but having failed to complete the buildings according to his agreement, and to pay certain claims for materials furnished, for which liens were taken under the statute, Worm brought his action upon the contract and bond against Schreiber, the contractor, and Schaub and Ittenbach, his sureties, to recover damages for the breaches alleged. Schreiber, the contractor, filed an answer in three paragraphs, the first being a general denial, the second a plea of payment, and the third addressed to so much of the complaint as alleged defects in the work, etc., stating that Worm, the owner, had accepted the work without objection, and was bound by such acceptance. Schreiber also filed a set-off in two paragraphs for extra work, and for an additional $200 alleged to have been promised him by Worm

on account of a mistake by the architect in reporting to Schreiber the amount of a bid for the brickwork. The sureties, Schaub and Ittenbach, demurred to the complaint, and their demurrers were overruled. They filed a partial answer averring that the work had been accepted by Worm, and that he thereby waived the right to object to it. In addition to this pleading, they filed a general denial, and a further paragraph alleging various deviations from the plans and specifications, and certain alterations and violations of the contract without their knowledge, whereby they claimed to be discharged from their liability on the bond. Replies to all affirmative answers, and to the set-off were filed. The cause was tried by a jury, who returned a verdict for appellee, and, over a motion for a new trial, judgment was rendered on the verdict.

By joint and several assignments of error, the appellants seek to question the sufficiency of the complaint, and the correctness of the ruling of the court upon the several motions for a new trial.

1. The complaint is not before us, and its supposed defects are not available to the appellants upon any assignment of error. The fifth specification of rule twenty-two of this court requires that the brief of the appellant shall contain "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. * * * The statement will be taken to be accurate and sufficient for a full understanding of the questions presented for decision, unless the opposite party in his brief shall make necessary corrections or additions." No such statement of the contents of the complaint is contained in the brief of counsel for these appellants. The only attempt to comply with the rule was the following laconic statement: "The amended complaint, in one paragraph, will be found on pp. 3-11 of the transcript." This memorandum bears no resemblance to the condensed statement of the substance of the

complaint contemplated by rule twenty-two. It is at most a copy of a single line of the index to the record. This is not what the rule intends. As applied to cases like this, it requires counsel for the appellant to incorporate in their brief so complete a statement of all the material allegations of the complaint as to be at once concise in form, accurate in details, and sufficient for a full understanding of the question presented without reference to or aid from the transcript. The reason and purpose of the rule is to enable each of the five judges of the court to examine every question presented in each case, and to form an opinion upon them without removing the record from the hands of the judge to whom it has been distributed. When the rule was adopted, it was believed that it would insure a thorough and satisfactory investigation of every case by all the judges, and, where briefs are carefully prepared in accordance with its requirements, the results have been found fully commensurate with the benefits anticipated when the rule was adopted.

The sufficiency of the evidence to sustain the verdict is the next question presented. It is said by counsel for appellants that, "under the first, second, and third reasons for a new trial, the court is referred to the evidence which proves that large and many changes and alterations, which were material and extensive, were made by plaintiff Worm without the same having been made upon the written order of the owner. Neither was the value of the work, added or omitted, computed by the architect as required by the contract." While counsel assert that many material changes and alterations were made by the plaintiff without a written order for the same as required by the contract, they have failed to designate any of them, but refer us to the evidence for proof of their assertion. Under the rules of the court, we would be justified in declining to perform the labor sought to be imposed on us of searching a record of nearly one thousand pages for the evidence counsel allege

to exist.  We have made the examination, however, and found that the evidence on the subject was conflicting, and that the appellee himself testified that he ordered none of the extra work, except three items of the same, and all three of these orders were in writing.  This was sufficient to sustain the verdict in respect to those items.  The value or cost of the only extra work authorized by the appellee, to wit, the extension of a wall, the furring of a wall, and the substitution of oak lumber for yellow pine for ceiling, was computed by the appellant Schreiber, agreed to by the appellee, and reported to the architect who seems to have adopted the computation agreed upon by said Schreiber and appellee.  Both the contract and the bond expressly provided for modifications of the plans and specifications, and we are of the opinion that in the particulars named there was a substantial compliance with the contract.

2.  An alteration of the contract by erasure of the words "and the west side and the porch and front stairway projection" is alleged, but it clearly appears that this alteration was made before the contract was signed or the bond delivered, and so the jury found.

It is claimed by appellants, Schaub and Ittenbach, that the estimated total cost of the building was changed by the agreement of the appellee to pay the contractor $200, in addition thereto, on account of the brickwork.  But this agreement was made before the contract and bond were signed, and did not affect the liability of the sureties.

3.  Objection is made by the sureties that the payments were in excess of the instalments or amounts fixed by the contract, which limited them to $1,000 or less, until the lower story should be ready for occupancy.  But the payment of $1,200 was made after notice to the sureties, and with their consent; $1,889.30 was paid to discharge a judgment upon a mechanic's lien and to save appellee's property from sale; and the remaining estimates and payments were made after the lower rooms were substantially finished.

All payments were shown to have had the indorsement and approval of the architect. The stone course to prevent dampness of walls was supposed by appellee to be provided for and required by the contract, and was put in by Ittenbach & Co., of which firm one of the sureties was a member. No contract for an extension of the time for the completion of the building was shown. All that the appellee said was that he wished the contractor to rush the work on the two front rooms on the first floor, but that he did not care about the upstairs until October. On all these points, there was evidence which sustained the verdict, and, the jury having weighed the testimony and decided on which side the preponderance existed, we are not authorized to set aside their conclusion, nor, with the proof before us, would we feel inclined to do so.

4. Building contracts are to receive a reasonable construction, and, where modifications are provided for and are made, or where there are slight deviations from the plans and specifications, such modifications or deviations will not ordinarily avoid the contract and discharge the sureties on the bond. *Hohn* v. *Shideler* (1905), *post,* 241, and authorities cited.

The sureties upon a contractor's bond do not stand in the same relation to the principal contract as do the sureties upon a note or bond which itself constitutes the entire agreement between the parties. Their liability depends upon the undertaking and the conditions stated in the bond, and in that respect it is to be strictly construed. But where they ask to be discharged from liability because of some violation of or departure from the terms of the principal contract, they must, if they would succeed, show that they have sustained some damage by such breach, and then they are entitled to be discharged only *pro tanto,* or to the extent of the injury sustained. *Hohn* v. *Shideler, supra.*

5. Therefore, if the appellee failed to insure the property for the benefit of the contractor, as the contract re-

quired, yet, if the building or materials were not injured or destroyed by fire, the sureties suffered no injury, and are entitled to no relief.   A careful reading of the instructions given and refused satisfies us that no error in this respect was committed by the court.   Those given expressed in various forms a statement of the law governing this case which coincides with the views set forth in this opinion, while those refused were wholly at variance with them.

Other reasons for a new trial were stated in the motion therefor, but the points were waived by the failure to discuss them.

Finding no error, the judgment is affirmed.