CHICAGO TERMINAL TRANSFER RAILROAD COMPANY *v.* WALTON.

|165|253|
|---|---|
|165|142|
|165|635|
|165|253|
|171|17|
|f171|674|

[No. 20,347.   Filed June 30, 1905.]

APPEAL AND ERROR. — *Supreme Court Rules.* — *Briefs.* — Where appellant's brief does not contain a copy nor the substance of the demurrer, whose overruling is alleged to be erroneous, no question is presented because of Supreme Court rule 22, clause 5, the purpose of such rule being to cause appellants to present the errors relied upon in such a way that the judges who do not have the record can determine the precise questions presented for decision.

From Lake Superior Court; *Harry B. Tuthill,* Judge.

Action by John W. Walton against the Chicago Terminal Transfer Railroad Company. From a judgment on a verdict for plaintiff for $1,500, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.  *Affirmed.*

*Jesse B. Barton* and *John B. Peterson,* for appellant.
*Crumpacker & Moran,* for appellee.

MONKS, C. J.—This action was brought by appellee to recover damages for personal injuries received by his infant son through the alleged negligence of appellant.

The errors assigned are:  (1) The court erred in overruling appellant's demurrer to appellee's first paragraph of amended complaint; (2) the court erred in overruling appellant's demurrer to the second paragraph of appellee's amended complaint; (3) the court erred in overruling appellant's motion for a new trial of said cause.

Appellee insists that appellant has failed to comply with the requirements of rule twenty-two in the preparation of its brief. Appellant has failed to set forth in its brief a copy of the demurrer, the substance, a succinct statement or ground thereof, as required by clause five of rule twenty-two of this court. For this reason the first and second assignments of error are waived. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 437. It has been uniformly held by this court that said rule requires that the brief be so prepared that all questions presented by the assignment of errors can be determined by an examination of the briefs, without looking to the record, and that, to the extent said rule is not complied with, the same will be considered waived. *Wolverton* v. *Wolverton* (1904), 163 Ind. 26; *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36. If the demurrer, the substance, a succinct recital or the ground thereof is not set forth in the brief, we can not from an examination thereof know that the trial court erred in overruling the same, as it may have been overruled because the ground stated in the demurrer was one which it was proper to overrule. *Aydelott* v. *Collings* (1896), 144 Ind. 602, 603, 604; *Jones* v. *Mayne* (1900), 154 Ind. 400, 402; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 555, 556, and cases cited; *Sheeks* v. *State, ex rel.* (1901), 156 Ind. 508, 509, and cases cited.

It is insisted by appellant that appellee was guilty of contributory negligence. Under the evidence given in the cause, we can not say that the verdict of the jury in favor of appellee on the question of his contributory negligence was not sustained by sufficient evidence or was contrary to law.

The other questions presented by the motion for a new trial are substantially the same as those in the case of Chicago Terminal Transfer Railroad Company, this appellant, against John S. Walton, the infant son of appellee *(Chicago, etc., R. Co.* v. *Walton* [1905], *post,* 643), which was

an action by said infant son for the same injury sued for by appellee in this case, and upon the authority of that case we hold that the action of the court in overruling the motion for a new trial as to said causes in this case was not erroneous.

Judgment affirmed.