## The State of Indiana *v.* Lukins et al.

[No. 6,288. Filed February 26, 1909.]

Appeal.—*Briefs.—Failure to Set Out Questioned Answers, Special Findings, and Conclusions of Law.*—Where appellant fails to set out, in words or substance, in its brief the questioned answers, or the special findings and the questioned conclusions of law, no questions thereon are presented.

From Hamilton Circuit Court; *Ira W. Christian*, Judge.

Action by The State of Indiana against Benjamin N. Lukins and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Charles W. Miller*, Attorney-General, *Frederick E. Hines*, Prosecuting Attorney, *W. C. Geake* and *H. M. Dowling*, for the State.

*Roberts & Vestal*, for appellee.

Hadley, J.—This is an action begun in the Hamilton Circuit Court by appellant against appellee Lukins, as principal, and appellee Smith, as surety, to recover on a forfeited recognizance under §2031 Burns 1908, Acts 1905, pp. 584, 619, §160.

The questions sought to be presented by appellant are the overruling of its demurrer to appellees' second paragraph of answer, and overruling exceptions to the conclusion of law upon the special findings made by the court. Appellees present the question in their brief and earnestly insist that there is nothing before this court for its consideration, for the reason that the brief of appellant does not set out said second paragraph of answer, nor does it give the substance thereof, neither is the demurrer thereto set out nor the substance or ground thereof given.

342    APPELLATE COURT OF INDIANA,

W. J. Holliday & Co. r. Highland Iron, etc., Co.—43 Ind. App. 342.

The Supreme Court and this Court have frequently decided and called the attention of attorneys to the necessity of complying with these simple rules in the preparation of their briefs. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253. And many other cases might be cited.

Appellees also, in their brief, urge that this court cannot consider any question presented upon the conclusion of law, for the reason that neither the special findings nor any statement of their contents is set out, and no statement of what the conclusions of law were, nor how many there were, nor the substance thereof is given in appellant's brief. It has been decided many times that unless the special findings or the substance thereof, and the conclusions of law or substance thereof stated thereon, are set out in the brief, no question for our consideration is presented. *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288; *Chicago, etc., R. Co.* v. *Walton, supra.* It is with reluctance that we determine this case upon the foregoing technicalities, but the questions are squarely presented by the original brief of appellees. Appellant has made no effort to amend its brief and avoid the effect of these deficiencies so presented.

There being no error presented, the judgment is affirmed.