## REEVES & CO. *v.* GILLETTE.

[No. 6,897.   Filed March 8, 1911.]

1. APPEAL.—*Briefs.*—*Waiver.*—Appellant's failure to set out in its brief the questioned counterclaim and demurrer thereto, or the substance thereof, constitutes a waiver of the alleged error in the ruling thereon.   p. 222.

2. APPEAL.—*Assignments of Errors.*—*Special Findings Unsupported by Evidence.*—Independent error cannot be assigned on the ground that any one or all the special findings are not supported by the evidence.   p. 222.

3. APPEAL.—*Briefs.*—*Waiver.*—Where the special findings and conclusions of law are not set out in appellant's brief, questions assigned thereon are waived.   p. 223.

4. APPEAL.—*Briefs.*—*Waiver.*—Where appellant's brief fails to set out the motion for a new trial, or the evidence, or a condensed statement thereof, no question is presented on such motion, the setting out of mere conclusions from the evidence being insufficient.   p. 223.

From Jay Circuit Court; *John F. La Follette*, Judge.

Suit by Reeves & Co. against William E. Gillette.   From a decree for plaintiff, plaintiff appeals.   *Affirmed.*

*Roscoe D. Wheat, E. E. McGriff* and *W. R. Baxter*, for appellant.

*Smith & Moran*, for appellee.

HOTTEL, J.—This was a suit brought by appellant to enforce the collection of three promissory notes given by appellee, and to foreclose a chattel mortgage on a clover huller, a grain separator and an engine, and other chattel property given to secure said notes.

The complaint was in one paragraph, to which appellee filed an answer in denial and a special answer of no consideration.   A counterclaim in two paragraphs was filed by appellee, to each of which a demurrer was filed, which was sustained as to the first and overruled as to the second paragraph.   At appellant's request, the trial court made and filed in the case a special finding of facts, with its conclu-

sions of law thereon.    Upon this finding the court rendered judgment for appellant in the sum of $43.70, and decreed a foreclosure of the chattel mortgage and ordered a sale of the property described therein.    From this judgment this appeal was taken.

Twenty-four errors are assigned as grounds for reversal.

Counsel for appellee insist that all errors assigned that are properly assigned as independent errors have been waived by the failure of appellant to set out in its brief that part of the record necessary for the determination of the question raised by such assigned errors.

The first error assigned is the overruling of the demurrer to the second paragraph of counterclaim.    Appellant, in its brief, nowhere sets out the counterclaim; nor does it

1.  attempt to state the substance of its contents.  Neither is the demurrer nor the substance thereof set out in the brief.    The assigned error was therefore waived. *Jones* v. *Mayne* (1900), 154 Ind. 400; *Aydelott* v. *Collings* (1896), 144 Ind. 602, 603; *Princess Amusement Co.* v. *Metzger* (1907), 169 Ind. 376; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253; *Wolverton* v. *Wolverton* (1904), 163 Ind. 26.

The second error assigned by appellant is as follows:

2.  lows: "The court erred in its special finding of facts number one, the same being contrary to the evidence."

Errors assigned, numbered from three to sixteen inclusive, are identical with the one before quoted, except that each finding of fact, alleged to be unsupported by the evidence, bears a different number.    These several assignments present no question for the consideration of this court.    Matters which are causes for a new trial cannot be assigned as independent errors.    *Leedy* v. *Capital Nat. Bank* (1905), 35 Ind. App. 247; *Pfau* v. *State, ex rel.* (1897), 148 Ind. 539; *Hunt* v. *Listenberger* (1896), 14 Ind. App. 320; *Hedrick* v. *Hall* (1900), 155 Ind. 371.

Errors assigned, numbered seventeen, eighteen and nineteen, separately call in question the several conclusions of law upon the special finding of facts.   Appellant has

3.   failed to set out the special finding of facts and conclusions of law thereon.   It would be impossible for this court to determine whether the conclusions of law were supported by the finding of facts, without searching the record to ascertain what the findings and conclusions were. As to these assigned errors, there has been no effort upon the part of appellant to comply with the requirement of rule twenty-two of this court, by setting out in the brief that part of the record necessary to present the questions raised by the errors assigned. *Baker* v. *Gowland* (1906), 37 Ind. App. 364; *Chicago, etc., R. Co.* v. *Walton, supra; Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36.

What we have before said disposes of all errors assigned by appellant, unless it be number twenty, which calls

4.   in question the overruling of appellant's motion for a new trial.

Counsel for appellee in their brief urge that this assignment has also been waived, for the reason that there has been no compliance with subdivision five of rule twenty-two of this court, which is as follows: "If the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely."

Counsel further insist that appellant's brief nowhere shows the filing of a motion for new trial, or the ruling of the court thereon, and that an enforcement of the rule of this court, according to the precedents heretofore announced by this court and the Supreme Court, must prevent the consideration by this court of this assigned error.   Appellant's brief contains no record entry showing the filing of a motion for a new trial, nor any ruling of the court thereon; nor does it refer to any such record entry.   There is, in fact, no

Broderick v. Pittsburgh, etc., R. Co.—47 Ind. App. 224.

statement in the brief that such a motion was ever made or any ruling had thereon.

There were eighteen witnesses who testified in the case, and appellant does not, in its brief, mention the name of a single witness, nor attempt to give a condensed statement of the evidence of any witness in narrative form, but only states general conclusions of what it assumes the evidence shows. As before stated, the special finding of facts and conclusions of law are nowhere set out in the brief, so it seems to us that appellant has failed to set out in its brief that part of the record necessary to present the question raised by the error assigned in overruling the motion for a new trial, and it has thereby waived its right to have this error considered. Rule 22 of Supreme and Appellate Courts, subd. 5; *Baker* v. *Gowland, supra.*

Judgment affirmed.