## LAATSCH ET AL. *v.* ANDREE.

[No. 7,685. Filed October 16, 1912.]

1. APPEAL.—*Briefs.*—Briefs on appeal must be so prepared that all the questions presented by the assignment of errors can be determined from an examination of the briefs without reference to the record. p. 243.

2. APPEAL.—*Briefs.—Statement of Record.—Ruling on Demurrer.*—No question is presented as to the ruling of the trial court on a demurrer to the complaint, where neither the demurrer nor its substance is set out in the briefs. p. 243.

3. APPEAL.—*Briefs.—Statement of Record.—Motion for New Trial.*—No question arising on the motion for a new trial can be presented on appeal, unless the briefs set out a copy of such motion, or give its substance. p. 244.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Ernest Andree against Gus A. Laatsch and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*John M. Stinson,* for appellants.

*James K. Stinson,* for appellee.

Lairy, J.—Appellee brought this action against appellants to recover on a written lease for the unpaid balance of rent claimed to be due. This appeal is taken from a judgment in favor of appellee for $70, and $17 attorney's fees.

The brief of appellants fails to contain (1) a concise statement of so much of the record as fully presents the errors and exceptions relied on, (2) a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely; (3) or, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely and without argument or elaboration, together with the authorities relied on in support of them.

It has been held repeatedly by the courts of this State that the briefs must be so prepared that all the questions presented by the assignment of errors can be determined by the court to which the case is appealed by examining the briefs, without reference to the record. *Chicago, etc., R. Co.* v. *Newkirk* (1911), 48 Ind. App. 349, 93 N. E. 860; *Chicago Terminal etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090. In this case the errors relied on for reversal are set out in appellants' brief. The first two refer to the sufficiency of the complaint.

A copy of the complaint is not set out in appellants' brief, but a statement of what purports to be the substance of the complaint is contained in the briefs of both appellants and appellee, and this will be treated as a compliance with the rule in this respect. Unless the demurrer or its substance is set out in the brief, this court cannot know the

grounds on which the demurrer was based; and as neither the demurrer to the complaint nor the substance thereof is contained in either brief, no question as to the ruling of such demurrer is presented. *Aydelott* v. *Collins* (1895), 144 Ind. 602, 43 N. E. 867; *Chicago Terminal, etc., R. Co.* v. *Walton, supra.* The only objection urged against the complaint in appellants' brief is that there is a want of proper parties defendant. On an examination of the briefs, we have no way of knowing that this was assigned as a cause for demurrer.

The other questions argued by appellants would be properly presented under an assignment that the court erred in overruling appellants' motion for a new trial, as they 3. all relate to the sufficiency of the evidence. The motion for a new trial is not set out in either of the briefs, and the substance of such motion is not given. It does not appear from the briefs, therefore, that the insufficiency of the evidence to sustain the finding was assigned as a cause for a new trial. It has been held repeatedly by this court and the Supreme Court that no question arising on the motion for a new trial can be presented on appeal, unless the briefs set out a copy of such motion, or give its substance. *Reeves & Co.* v. *Gillette* (1911), 47 Ind. App. 221, 94 N. E. 242; *Talbott* v. *Town of Newcastle* (1907), 169 Ind. 172, 81 N. E. 724.

The judgment of the lower court is presumed to be correct, and as no error is shown the judgment is affirmed.

NOTE.—Reported in 99 N. E. 451. See, also, under (1) 2 Cyc. 1014.