## W. H. Small & Company v. Schultz et al.

[No. 8,050. Filed June 25, 1913.]

1. **Appeal.**—*Questions Reviewable.—Sufficiency of Evidence.— Briefs.*—Where appellant's brief contains a statement of reasons for not setting out the evidence in detail, followed by some general statements as to what the evidence disclosed, without any attempt to set out a condensed recital of the evidence in narrative form as required by Rule 22 of the Supreme and Appellate Courts, no question is presented on the specifications in the motion for new trial that the verdict was contrary to the evidence, not sustained by sufficient evidence, and contrary to law. p. 7.

2. **Appeal.**—*Questions Reviewable.—Sufficiency of Evidence.—Admissions in Appellant's Briefs.*—Appellant's admission that the evidence on which he predicates his right to recover was disputed by the evidence of the appellee, precludes a reversal on the ground of the insufficiency of the evidence. p. 8.

3. **Sales.**—*Sales by Sample.—Warranty.—Instructions.*—An instruction as to the measure of damages for a breach of warranty in the quality of grain sold by sample, telling the jury that the seller's liability for the amounts paid by the purchaser to its customers depended on whether the seller was aware of the facts and assented to the settlements, or was notified thereof and failed to object, was not erroneous, since, while a sale by sample is an implied warranty that the bulk is equal to the sample, for a breach of which the seller is liable in damages, it does not necessarily follow that such seller would be liable for any amount that the purchaser might have paid its customers in settlement of their claims, unless with knowledge of the facts such seller assented to the settlements so made. p. 8.

4. **Appeal.**—*Review.—Instructions.—Duty to Request.*—Where under the issues and evidence there was a theory on which a party was entitled to recover, other than that on which the court's instructions were predicated, appellant should have tendered an instruction on such theory. p. 11.

5. **Appeal.**—*Review.—Omissions from Briefs.—Presumptions.*—Appellant's failure to set out in his brief either the pleadings or the evidence, authorizes the court on appeal to assume in favor of an instruction complained of that there was evidence within the issues to which it was applicable. p. 11.

From Vanderburgh Circuit Court; *C. A. DeBruler*, Judge.

Action by W. H. Small & Company against Arthur E. Schultz and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*James T. Walker* and. *Henry B. Walker,* for appellant.
*Levi Clodfelter* and *William D. Hardy,* for appellees.

HOTTEL, P. J.—This was an action brought by appellant, a corporation, against the appellees, on an open account. The complaint is in two paragraphs, neither of which is set out in the appellant's brief. Several answers were filed, all of which, except the general denial, were withdrawn before the trial, and the case was finally submitted to a jury for trial on the issues presented by the complaint and the general denial. There was a verdict and judgment for appellees.

The brief does not indicate what errors were assigned, but states that the error relied on for reversal is the overruling of the motion of appellant for a new trial, and the grounds of this motion are set out. Under the heading "points" appellant states: "1. The verdict of the jury was contrary to the evidence, not sustained by sufficient evidence and contrary to law. 2. The instruction number 2, given by the court of its own motion was erroneous."

In his discussion of point 1 appellant says: "The proof was sufficient and abundant to sustain the whole of the appellant's claim. There are general denials to some, or most, of this evidence by the defendant Schultz and for that reason it is thought best not to attempt to set out all of the evidence in detail in this brief as it would be necessary that it should be read in order to determine the question whether the verdict was sustained by the evidence or by sufficient evidence or is contrary to law." Then follow some general statements as to what the evidence disclosed. There is no attempt to set out a condensed recital of the evidence in narrative form

so as to present its substance clearly and concisely as required by Rule 22 of the Supreme and Appellate Courts and the decisions construing such rule, and hence no question is presented by point 1. *Baker* v. *Gowland* (1906), 37 Ind. App. 364, 370, 76 N. E. 1027; *Reeves & Co.* v. *Gillette* (1911), 47 Ind. App. 221, 94 N. E. 242, 243 and authorities there cited.

Appellant's admission that the evidence upon which he predicates his right to recover was disputed by the evidence of the appellee Schultz, would prevent a reversal of the case on the ground of the insufficiency of the evidence. *Elkhart Paper Co.* v. *Fulkerson* (1905), 36 Ind. App. 219, 225, 75 N. E. 283; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462, 469, 470, 34 N. E. 227.

Assuming, without deciding, that appellant's brief is sufficient to require a consideration of point 2, we have examined the instruction complained of and the objection thereto. The instruction follows with the parts objected to italicized. Instruction No. 2. "It is claimed by the plaintiff that in the year 1907, the plaintiff made a sale of grain to a firm in Cincinnati, which grain was to correspond to a sample placed in the hands of the plaintiff by the defendant, and that the grain shipped to the party in Cincinnati directly by the defendant from Olney did not correspond to the sample left with the plaintiff by the defendant, and that in consequence of that failure to correspond with the sample the plaintiff was compelled to pay to the party in Cincinnati the sum of sixty dollars, which has never been repaid by the defendant. Plaintiff also claims that in that transaction the defendant was acquainted with the inferiority of the seed sold as compared with the sample above spoken of, and agreed to a settlement of the contention in respect to that sale in the sum of sixty dollars. It is also claimed by the plaintiff that in the sale of seed to a party in Bristol, Tennessee, the seed shipped to the purchaser directly by the defendant did not

correspond to a sample which was furnished the plaintiff by the defendant, and that in consequence of the inferior nature of the seed, as compared with the sample, the plaintiff was compelled to pay to the party in Bristol, Tennessee, the sum of ninety dollars ($90), and that the defendant knew this fact and assented to this payment. Now, in reference to these two items, if you believe from a fair preponderance of the evidence that the sales were made according to samples placed in the hands of the plaintiff by the defendant, and that the seed shipped to the purchaser did not correspond to the sample, and that in consequence of that fact the plaintiff paid the purchasers the sums above named, and *that the defendant was aware of the facts and assented to the settlements made with the purchasers,* then the defendant would be liable to the plaintiff for these amounts so paid out by the plaintiff without regard to any contract which may have existed in reference to the sale of seed by the defendant to the plaintiff, unless in that contract some provision was made relieving the defendant from liability or providing for some method of settling the liability of the defendant, different from the liability which the law would imply. In other words, if these sales were made from samples furnished to the plaintiff by the defendant, and the seed when shipped to the purchasers did not agree with the samples, then, in the absence of some different agreement between the parties, the defendant would be liable for damage to the purchasers occasioned by such sales and would be liable to repay the plaintiff any sum which the plaintiff paid to the purchasers in each case in settlement of the *damages occasioned by the failure of, the seed to correspond with the sample, if the defendant was notified of the settlement so made by the* plaintiff and did not object thereto.''

Appellant insists that ''a sale by sample is an implied warranty that the bulk is equal to the sample in kind and quality,'' and in support of this contention cites: *Wilkir-*

son v. *Randle* (1895), 29 S. W. (Tex. Civ. App.) 431; *Bradford* v. *Manly* (1816), 13 Mass. 139, 7 Am. Dec. 122. The authorities cited announce the proposition of law relied on by appellant, and we find nothing in the instruction necessarily in conflict therewith. It will be observed that the instruction begins with a statement of appellant's claim. According to this statement appellant was seeking to recover an amount that it claims to have paid its customers in settlement of their respective claims on account of the failure of the seed delivered to them by appellees to correspond with the sample from which the sales were made. The amount that appellant paid such customers may or may not have represented the true damage resulting on account of the breach of the implied warranty. The instruction in effect recognizes the rule contended for by appellant when it says: "If these sales were made from samples furnished to the plaintiff by the defendant, and the seed when shipped to the purchasers did not agree with the samples, then, in the absence of some different agreement between the parties, the defendant would be liable for damage to the purchasers occasioned by such sales." It does not necessarily follow that because appellees were liable for damages to such purchasers occasioned by the breach of their implied warranty that they were also liable to appellant for any amount that it might have paid such purchasers in settlement of their claims regardless of appellees' knowledge of such settlement and their assent thereto. Appellees would, however, be liable to appellant for such payments, if, as the instruction states, the appellees were "aware of the facts and assented to the settlements made with the purchasers." We think the instruction states the law correctly as applied to appellant's claim set out in the beginning thereof.

If, under the issues and the evidence, there was another theory upon which appellant was entitled to recover, it should have tendered an instruction on such theory. There

is nothing in the instruction complained of that would preclude a recovery by appellant upon some other theory, if, under the issues and evidence, such recovery was authorized. The failure of appel-. lant to set out in its brief either the pleadings or the evidence, authorizes this court to assume in favor of the instruction, that there was evidence within the issues to which it was applicable.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 275. See, also, (3) 35 Cyc. 405, 475; (4) 38 Cyc. 1693. As to warranty of quality implied by sale by sample, see 102 Am. St. 612.