## RAYBURN ET AL. *v.* WILLIAMS ET AL.

[No. 8,780. Filed November 20, 1913.]

1. APPEAL.—*Assignment of Errors.—Review.—Necessity of Showing Prejudicial Error.*—Alleged error in overruling a motion to strike out the disclaimer of certain defendants, disclaiming any interest in the questions involved and asking to be relieved from costs, although properly assigned on appeal, is not cause for reversal where the briefs do not show what final disposition was made of the matter, since to obtain a reversal the appellant must show that the error complained of was prejudicial. p. 619.

2. DRAINS.—*Action to Enjoin Collection of Assessments.—Complaint.—Sufficiency.*—Where the complaint in an action to enjoin the collection of assessments for the construction of a drain, contained all the essential allegations constituting fraud on the part

of defendants by which plaintiffs were prevented from filing a remonstrance at the proper time, a demurrer thereto was properly overruled. p. 619.

3. APPEAL.—*Briefs.*—*Sufficiency.*—No question is presented by the assignment that the court erred in its statement of conclusions of law on the facts found, where neither the finding of facts, nor conclusions of law, nor the substance thereof is set out in appellants' brief. p. 619.

4. APPEAL.— *Review.*— *Evidence.*— *Weight.*— The court will not weigh the evidence on appeal, so that unless a failure of proof upon some essential point is shown a reversal will not be ordered on the ground of insufficient evidence. p. 619.

5. APPEAL.—*Review.*—*Presumptions.*—*Affirmance.*—On appeal all presumptions are indulged in favor of the rulings of the trial court, and where no prejudicial error is presented by the briefs, the judgment will be affirmed. p. 620.

From Pulaski Circuit Court; *Francis J. Vurpillat,* Judge.

Action by Elmer C. Williams and others against Joseph Riggs and others. From a judgment for plaintiffs, Melvin C. Rayburn and others appeal. *Affirmed.*

*John G. Reidelbach, John M. Spangler* and *Frank L. Dukes,* for appellants.

*Burso, Hathaway & Nye,* for appellees.

SHEA, J.—This was an action in the court below by appellees against Joseph Riggs, as construction commissioner, together with certain interested property holders, seeking to enjoin them from collecting or attempting to collect certain assessments levied against the lands of plaintiffs for the construction of a certain ditch in White Post Township, Pulaski County, Indiana, known as the "Rayburn Ditch." Upon a special finding of facts and conclusions of law, it is stated in the briefs that judgment was rendered in favor of appellees granting an injunction as prayed for in the amended complaint.

It is assigned that the court erred: (1) In overruling appellants' motion to strike out the disclaimer of Frank Tracey and others, appellees; (2) in overruling appellants' demurrer to appellees' amended complaint; (3) in its state-

ment of conclusions of law on the facts found; (4) in overruling appellants' motion for a new trial. The other assignments of error present no question, as hereafter shown.

The first assignment properly presented is the alleged error of the court in overruling appellants' motion to strike out the disclaimer of Frank Tracey and others, to

1. which an exception seems to have been properly reserved. Tracey and others asked that they be discharged from the payment of costs, because, as alleged in the pleading, they had no interest in the questions involved in the litigation. What disposition was finally made of this question the briefs do not disclose. Appellant must bring to this court a record showing prejudicial error before he he can hope for a reversal of the cause. *Vesey* v. *Day* (1910), 175 Ind. 406, 409, 94 N. E. 481; *Smith* v. *Collins* (1914), —— Ind. App. ——, 103 N. E. 12; *Allen* v. *Gavin* (1892), 130 Ind. 190, 29 N. E. 363; *Kernodle* v. *Gibson* (1887), 114 Ind. 451, 17 N. E. 99; Elliott, App. Proc. §195.

The amended complaint contains all the essential allegations constituting fraud on the part of appellants, practiced upon appellees, by means of which they were

2. prevented from filing a remonstrance at the proper time, and the demurrer to the amended complaint was properly overruled. Neither the special finding

3. of facts, nor conclusions of law, nor the substance thereof, is set out in appellants' brief. It has been repeatedly held by both this court and the Supreme Court that the failure to comply with Rule 22 in this respect presents no question to this court. *State* v. *Lukins* (1908), 43 Ind. App. 341, 87 N. E. 246; *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Collins* v. *McDuffie* (1883), 89 Ind. 562.

Under the motion for a new trial it is urged that the decision of the court is not sustained by sufficient

4. evidence and is contrary to law. An examination of the briefs does not disclose that there was a failure of

proof upon any essential point in this case, and this court will not weigh the evidence. *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348, 351, 81 N. E. 1110, and authorities cited; *Parkison* v. *Thompson* (1904), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677.

No question is presented, either in "Points and Authorities" or in the argument in appellants' brief on the error predicated that the decision of the court is contrary to law. All presumptions are indulged in favor of the rulings of the trial court, and since no prejudicial error is presented by the briefs in this case, the judgment is affirmed. Judgment affirmed.

Note.—Reported in 103 N. E. 116. See, also, under (1) 3 Cyc. 387; (2) 22 Cyc. 924, 929; (4) 3 Cyc. 275.