## OHIO FARMERS INSURANCE COMPANY *v.* GEDDES.

[No. 8,110.   Filed November 26, 1913.]

1. APPEAL.—*Assignment of Errors.*—*Briefs.*—No question is presented by the assignments that the court erred in sustaining a demurrer to a plea in abatement, in overruling a demurrer to a complaint, and in the conclusions of law, where neither the demurrers and the pleadings to which they were addressed, nor the substance of either, nor the special finding of facts, conclusions of law, and the motion for new trial are set out in appellant's brief.   p. 31.

From Allen Circuit Court; *Carl Yaple,* Judge.

Action by George Geddes against the Ohio Farmers Insurance Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Robert B. Dreibelbiss, Lee Elliott* and *H. I. Smith,* for appellant.

*Colerick & Hogan,* for appellee.

SHEA, J.—Appellee brought this action against appellant in the court below on a fire insurance policy issued by the latter covering certain buildings then alleged to have been owned by appellee, in Adams County, Indiana.   Appellant challenged the right to maintain the action in Allen County instead of Adams County by plea in abatement.   Appellee's demurrer to said plea was sustained.   Appellant then filed a demurrer to the amended complaint which was overruled.   The cause was tried by the court, and upon proper request a special finding of facts was made and conclusions of law stated thereon.   Judgment was rendered in favor of appellee for $650.

It is assigned that the court erred:  (1)  in sustaining appellee's demurrer to appellant's plea in abatement; (2) in overruling appellant's demurrer to the complaint; (3) in its conclusions of law numbered one and two.   Appellee very urgently insists that the errors relied on for a reversal are not properly presented by appellant's brief, in accord-

ance with Rule 22 of this court, therefore no question is presented for determination to this court.

This cause was tried upon an amended complaint, and error in overruling the demurrer thereto is relied on for a reversal. Neither the amended complaint nor the 1. demurrer, nor the substance of either is set out or even referred to in appellant's brief. A plea in abatement was filed, to which a demurrer was sustained. The substance of the plea in abatement is not sufficiently set out, and no attempt is made to set out the demurrer or the substance thereof. The special findings of fact, conclusions of law, and the motion for a new trial are not set out in appellant's brief, either in form or substance. There is no attempt made to conform to Rule 22 in the arrangement of the brief. Although the question as to the sufficiency of the brief to conform to the rule was directly presented by appellee's brief filed November 27, 1911, no effort was made to amend appellant's brief until April 7, 1913, when a motion then filed was overruled by the court. The court cannot overlook a brief in such condition. No question is properly presented. The judgment is therefore affirmed.

Note.—Reported in 103 N. E. 349. See, also, 2 Cyc. 1014-1016.