## M. RUMELY COMPANY *v.* MAJOR.

[No. 9,167.  Filed March 8, 1917.]

1.  APPEAL. — *Questions Reviewable.* — *Assignment of Errors.* — Assignments of error on appeal that the judgment appealed from is contrary to law, that it is contrary to the evidence, that it is not supported by the evidence, and that it is not sustained by a preponderance of the evidence, present no question for review.  p. 42.

2.  APPEAL.—*Briefs.*—*Sufficiency.*—Assignments of error to the overruling of defendant's motion to make the amended complaint more specific, to the overruling of grounds of defendant's motion to strike out portions of the amended complaint, to the overruling of defendant's demurrer to a paragraph of reply, to the overruling of the motion for judgment on the interrogatories, and to the overruling of defendant's motion for a new trial are not reviewable where appellant's briefs fail to set out the amended complaint or its substance, the answers to paragraphs of reply, the demurrer, the judgment appealed from or the motions to strike out, to make the complaint more specific, for judgment on the interrogatories and the jury's answers thereto and for a new trial, since the briefs fail to comply with the fifth clause of Rule 22 of the Supreme Court, requiring that they contain a concise statement of so much of the record as fully presents every error and exception relied on for reversal. p. 43.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Lawrence Major, by his next friend, C. E.

Wolf, against the M. Rumely Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John D. Dilworth, H. W. Worden* and *E. E. Weir,* for appellant.

*Hickey & Wolfe,* for appellee.

HOTTEL, J.—This is an appeal from a judgment against appellant in favor of appellee, for $3,000, for injuries alleged to have been sustained by appellee by reason of appellant's failure to guard a ripsaw at which appellee worked.

The errors assigned and relied on for reversal, as set out in appellant's brief, are, in substance, as follows: (1) The overruling of its motion to make the amended complaint more specific; (2) the overruling of the first and second grounds of its motion to strike out portions of the amended complaint; (3) the overruling of its demurrer to the third paragraph of reply to appellant's answer to the amended complaint; (4) the overruling of its motion for judgment in its favor on the answers of the jury to interrogatories, notwithstanding the general verdict; (5) that the judgment appealed from is contrary to law; (6) that it is contrary to the evidence; (7) that it is not supported by the evidence; (8) that it is not sustained by a preponderance of the evidence; (9) the overruling of its motion for a new trial.

1. The fifth, sixth, seventh and eighth assignments present no question. *Walters* v. *Walters* (1906), 168 Ind. 45, 48, 79 N. E. 1037; *State, ex rel.* v. *Davisson* (1910), 174 Ind. 705, 93 N. E. 6; *Bradford* v. *Wegg* (1913), 56 Ind. App. 39, 40, 102 N. E. 845; *Perry* v. *State, ex rel.* (1917), 63 Ind. App. 653, 115 N. E. 59; *Crawford* v. *State* (1900), 155 Ind. 692, 57 N. E. 931; *Migatz* v. *Stieglitz* (1905), 166 Ind. 361, 364, 77 N. E. 400.

Appellee insists that neither of the remaining as-

signed errors is presented by appellant's brief because of its failure to comply with the fifth clause of Rule 22 of this court in the following respects, viz.: "It has failed to set out the amended complaint or sufficient of its substance to enable the court to pass upon the various motions. It has failed to set out the motion to strike out parts of the amended complaint, and to make the complaint more specific. It has failed to set out the answers, the paragraphs of reply, the demurrer, or the memorandum showing the causes for demurrer, the motion for judgment on the interrogatories and the answers of the jury thereto, and it has not set out the motion for a new trial, or any part of it, or the judgment from which this appeal is taken."

This statement is substantially correct. Appellant's brief fails to set out enough of the record, the pleadings, motions and files indicated, to enable the court to understand or intelligently determine and dispose of either of the remaining assigned errors, without resort to the record; and hence, as to its presentation of such assigned errors, fails to meet the requirements of the rules of the court as frequently construed and interpreted by the decisions of the Supreme Court and this court. *Ohio Farmers Ins. Co.* v. *Geddes* (1913), 55 Ind. App. 30, 103 N. E. 349; *Schultze* v. *Maley* (1914), 56 Ind. App. 586, 105 N. E. 942; *Perry, etc., Stone Co.* v. *Wilson* (1902), 160 Ind. 435, 67 N. E. 183; *Hubbard* v. *Burnet-Lewis Lumber Co.* (1912), 51 Ind. App. 97, 98 N. E. 1011; *Harrold* v. *Fuenfstueck* (1903), 31 Ind. App. 275, 67 N. E. 699; *Webster* v. *Major* (1904), 33 Ind. App. 202, 205, 71 N. E. 176; *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Tongret* v. *Carlin* (1905), 165 Ind. 489, 75 N. E. 887; *American Food Co.* v. *Halstead* (1905), 165 Ind. 633, 76 N. E. 251; *Union Investment Co.* v. *McKinney* (1905), 35 Ind. App. 594, 74 N. E. 1001; *Miedreich* v. *Frye* (1907), 41

Ind. App. 317, 83 N. E. 752; *State* v. *Lukins* (1908), 43 Ind. App. 341, 87 N. E. 246; *Albaugh Bros., etc., Co.* v. *Lynas* (1910), 47 Ind. App. 30, 93 N. E. 678.

No ruling of the trial court being presented for our consideration by the appeal, the judgment below is affirmed.

Note.—Reported in 115 N. E. 337.