BUCHANAN ET AL. v. CITIZENS NATIONAL BANK.

[No. 23,978. Filed April 26, 1923.]

1. APPEAL.—Review.—Evidence.—Sufficiency.—Failure to Incorporate All Evidence in Bill of Exceptions.—Where the transcript recites that the deposition of one of the defendants and more than 150 exhibits were introduced and read in evidence, but neither the deposition nor any of the exhibits but one have been copied into the bill of exceptions, and the place, if any, in the transcript where such exhibits are otherwise set out is

not indicated, the bill of exceptions is insufficient to present for review on appeal any question as to the sufficiency of the evidence, as it affirmatively shows that it does not contain all the evidence. p. 156.

2. APPEAL.—*Questions Reviewable.*—*Findings and Conclusions of Law.*—*Rules of Court.*—Where appellant sets out in his brief what purports to be the substance of the finding of facts, but omits many material facts, the brief does not comply with Rule 22, cl. 5, of the Supreme Court, and the correctness of the conclusions of law upon the findings will not be considered on appeal; the statement of facts in appellant's brief failing to make even a *prima facie* showing that error was committed. p. 156.

From Clinton Circuit Court; *Earl B. Stroup,* Judge.

Action by the Citizens National Bank against William M. Buchanan and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Henry D. VanCleave* and *Arthur McGaughey,* for appellants.

*William Robison* and *Chase Harding,* for appellee.

EWBANK, J.—Appellee recovered a judgment for $20,345.61 against the appellant Washington Irving Buchanan on certain promissory notes, together with a decree that what purported to be a deed executed by him and recorded in the county where the land was situated, conveying to his coappellant, William M. Buchanan, a certain described farm, should be set aside, and that the land it purported to convey should be sold on execution as the property of said debtor to satisfy the judgment. Each of the appellants filed a separate assignment of errors. But Washington I. Buchanan contented himself with entering on the transcript a confession of the errors assigned by his coappellant, and has not filed a brief. The only errors assigned and not waived are the overruling of William M. Buchanan's motion for a new trial, and the alleged erroneous statement of certain conclusions of law upon the special finding of facts.

The only question sought to be presented by the motion for a new trial is the alleged insufficiency of the evidence. The transcript sets out the testimony of eleven witnesses, and recites that the deposition (examination before the trial) of one of the defendants and more than 150 exhibits were introduced and read in evidence. But neither the deposition (examination) nor any of the exhibits, except one, are copied into the bill of exceptions, nor is the place in the transcript (if any there be), where any of such exhibits is otherwise set out, indicated or suggested. Therefore the bill of exceptions affirmatively shows that it does not present for consideration any question as to the sufficiency of the evidence, by reason of not containing all the evidence. *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 109, 110, 47 N. E. 332; *McCray* v. *Whitney* (1914), 56 Ind. App. 94, 98, 104 N. E. 979.

Appellant next complains of the conclusions of law upon the finding of facts. The trial court made a special finding of facts in sixteen paragraphs, which fills more than seventeen pages of the transcript. Appellant has set out what he calls the "substance" of these findings in little more than one page of his brief, from which, as appellee points out, he has omitted many material facts tending to support the conclusions of law. It is impossible for the court to determine whether or not a conclusion of law was erroneous without a consideration of all the facts found. A mere fragmentary recital in the brief of a few of the facts found affords no basis for adjudging that appellee was not entitled to a conclusion of law in its favor upon all of the facts. A rule of this court requires that "the brief of appellant shall contain a clear statement disclosing: * * * Fifth. A concise statement of so much of the record as fully presents every error and

exception relied on.  * * *"  (Rule 22.)  And where the statement is so prepared that it does not even make a *prima facie* showing that error was committed, it does not present any question for review. *Newman* v. *Horner* (1914), 55 Ind. App. 298, 302, 103 N. E. 820.

The statement in appellant's brief is not sufficient to show that the special finding failed to recite facts on which the court properly stated conclusions of law in favor of the appellee.

The judgment is affirmed.