WELTER ET AL. *v.* HIGHLAND REALTY COMPANY ET AL.

[No. 14,419. Filed August 13, 1931.]

98

 

*William H. Matthew,* for appellants.

*Frederick C. Crumpacker, Edwin H. Friedrich* and *Jay E. Darlington,* for appellees.

KIME, J.—The appellants assign as error: (1) The trial court erred in permitting appellees to file a second amended complaint; (2) the trial court erred in each of its conclusions of law on the finding of facts; (3) the trial court erred in overruling the objections of appellants to the filing of appellees' second amended complaint; (4) the trial court erred in overruling appellants' motion for a new trial.

As to the first and third specifications, there is no merit, because neither the complaint nor the objections complained of are set out in the brief. *Schreiber* v. *Worm* (1904), 164 Ind. 7, 72 N. E. 852.

The second specification, the brief discloses, is not available because we do not find the conclusions of law nor the findings upon which they are based set out. *Buchanan* v. *Citizens Nat. Bank* (1923), 193 Ind. 154, 139 N. E. 148; *Reeves & Co.* v. *Gillette* (1911), 47 Ind. App. 221, 94 N. E. 242; *Ohio Farmers Ins. Co.* v. *Geddes* (1913), 55 Ind. App. 30, 103 N. E. 349; *State* v. *Lukins* (1909), 43 Ind. App. 341, 87 N. E. 246.

The fourth specification of error is not raised by appellants' brief because: (a) The first six grounds of the motion all challenge the findings. The findings are not set out, so the court will not review any question concerning them. (b) The first, third and fifth grounds of the motion are based on the

contention that the findings are not sustained by sufficient evidence. The evidence is not in the record, and the court will not review any question pertaining to the sufficiency of the evidence. (c) The remaining grounds of the motion (Nos. 7 to 14) complain that the court erred in admitting certain exhibits over objection. The exhibits are nowhere set out in the brief, nor is the page of the record even referred to. The objections are not set out, nor is there any reference as to where they will be found in the record. But, even if the record and the evidence had been set out in appellants' brief, there is a further conclusive reason why no question is 'raised for review. Rule 22 requires that appellants' brief "shall contain, under a separate heading of each error relied on, separately numbered points, stated concisely, and without argument, together with the authorities relied on in support of them. . . . No alleged error or point, not contained in this statement of points, shall be raised afterward," etc. The foregoing rule requires that the particular error shall be set out as a heading in that section of the brief devoted to points and authorities, and "that under this heading the propositions and points bearing upon the questions thus presented shall be stated and supported by authorities. The course thus indicated should be followed as to each error upon which appellant relies." This is true of the separate grounds of the motion for new trial as well as of the specifications of error. *Cleveland, etc., R. Co.* v. *Ritchey* (1916), 185 Ind. 28, 111 N. E. 913.

An examination of appellants' so-called "Points and Authorities" discloses that this rule has been flagrantly violated. Appellants have five specifications in their assignment of error and they have 14 grounds in their motion for new trial. None of these specifications or grounds are set out either as headings or otherwise among the Points and Authorities.

Instead, appellants have merely presented 22 consecutively numbered law points. Most of them are abstract. None of them are applied in any way to any particular specification of error or ground for new trial. The court can only guess as to what application was intended. Our courts have stated recently and repeatedly that such an omission is fatal to appellants' brief; that such a brief presents no question for review.

The judgment of the Lake Superior Court is, therefore, affirmed.