ROYAL ACADEMY OF BEAUTY CULTURE ET AL. *v.* REVIEW BOARD OF UNEMPLOYMENT COMPENSATION DIVISION OF DEPARTMENT OF TREASURY ET AL.

[No. 16,841. Filed January 21, 1942.]

*Paul P. Scharffin* and *R. McDonald Kroger,* both of Indianapolis, for appellant.

*George N. Beamer,* Attorney General, *Fred R. Bechdolt,* Deputy Attorney General, *Charles W. Grubb,* Deputy Attorney General, *Joseph P. McNamara,* Deputy Attorney General, and *Thomas M. Quinn, Jr.,* for appellees.

BLESSING, J.—Thelma G. Leffler (appellee herein) instituted proceedings against the Royal Academy of Beauty Culture and Royal Beauty Shops, Inc., for benefits under the Unemployment Compensation Law of Indiana on the theory that she was an employee of the appellant, the Royal Academy of Beauty Culture and Royal Beauty Shops, Inc., and that appellant was an employer within the purview of the act. There was a hearing before the Appeal Tribunal of the Unemployment Compensation Division which resulted in a finding

and decision for appellee Leffler. Thereafter appellant appealed to the Review Board of the Unemployment Compensation Division which affirmed the decision of the Appeal Tribunal.

The finding and decision of the Review Board is as follows:

"POINTS AND AUTHORITIES:

"Section 2 (g) (1) of the Indiana Employment Security Act provides:

"'(g)   Employer means:

(1)   Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals (irrespective of whether the same individuals are or were employed in each such day.)'

"Board Rule No. 15 provides:

'Meals, lodging, books, tuition or educational facilities furnished to a student while such student is attending an established school, college, university, hospital, or training course, for services performed within the regular school term (including the customary vacation days or periods occurring within such term) shall not be considered remuneration.'

"Regulation No. 106 provides as follows:

'A student who is attending an established school, college, university, hospital or training course and performs services under the control of an employing unit during the regular school term (including the customary vacation days or period occurring within such term) and who receives in lieu of cash, remuneration in the form of meals, lodging, books, tuition or educational facilities, is considered an employee of the employing unit for the purpose of determining the employing unit's liability under

Section 2 (g) of the Law, even though such remuneration is not wages. (See Board Rule No. 15.) The services of such students are considered employment because they are performed under a contract of hire.'

"FINDINGS AND CONCLUSIONS:

"The Review Board, having considered the evidence as shown in the transcript and the brief submitted by counsel, now finds that there was no error in the decision of the Referee. The employer is a corporation not exempted from the payment of contributions under the Act and had seven regular employees during the year 1940. In addition, the employer had two students who were performing services, although the payments made to them did not constitute wages upon which contributions were required. However, under Regulation No. 106, they are deemed to be employees for the purpose of determining the number of employees performing services for the employing unit. The Review Board, therefore, finds that the employing unit herein was an employer under Section 2 (g) (1) and that amounts earned by the claimant after January 1, 1940, were wages in subject employment and that she is entitled to wage credits based upon her earnings after January 1, 1940.

"DECISION:
"The decision of the Referee rendered in Case No. 41-A-205 is hereby affirmed."

In appeal to this court the error assigned is that the finding and decision of the Review Board is contrary to law.

The Royal Academy of Beauty Culture and Royal Beauty Shops, Inc., is a corporation, chartered under the laws of this State as a corporation for profit, which is engaged in operating a school of beauty culture. Appellee, Thelma G. Leffler, was employed as an instructor. The evidence shows that girls who desired to become beauty operators but who were financially

unable to do so, were permitted to work in the dispensary and office of the school for a period of ten weeks under an agreement whereby in return for such services, they received a credit of fifty dollars against the seventy-five dollar tuition charged. These girls worked eight hours per day, six days per week, for which they received five dollars per week credit against their tuition. After the said girls had worked long enough to have a fifty dollar credit on their tuition they were enrolled in classes. The representative of the school testified that the said girls were given the opportunity to work their way through school as a scholarship proposition which the school extended.

The evidence further shows that during the year of 1940, there were seven regular employees, including appellant, in addition to the two or three girls working in the dispensary and in the office for their tuition.

If these so-called students are determined to be employees, the appellant had eight or more employees in its employ, and therefore was an employer within the provisions of the Indiana Unemployment Compensation Law, § 52-1502 (g) (1), Burns' 1933 (Supp.), thereby entitling appellee Leffler to benefits if otherwise qualified. Therefore, the only question to be considered in this case is whether or not the girls who were working in the dispensary and in the office for their tuition were employees.

Employment, as defined by the Unemployment Compensation Law, now known as the Employment Security Act (Acts of 1941, ch. 227, p. 735) means service performed for remuneration or under any contract of hire, written or oral, express or implied. § 52-1502 (h) (1), Burns' 1933 (Supp.). Both appellant and appellee admit that the girls working for their tuition performed services for the appellant. "Remun-

eration," as defined by the act, means "all compensation for personal services including commissions and bonuses and cash value of all compensation payable in any medium other than cash." § 52-1502 (p), Burns' 1933 (Supp.). The crediting of the five dollars a week on the tuition of these girls would come within the definition of the term "remuneration" as being compensation payable in a medium other than cash. The contracts under which these girls worked were evidently contracts that could be terminated at any time but nevertheless they were contracts of hire. The so-called students, therefore, come within the purview of the act as to their employment.

These so-called students were not enrolled in any classes of the school while they were working nor did they receive any credit on the required number of school hours (which was 1000 hours) for the services that they performed in the dispensary and in the office. Assume that a girl wished to attend a school, and a certain benefactor, knowing her desire and also knowing her to be financially unable to attend the school of her choice, gave her a job in his office and credited her salary against her tuition until the tuition was paid. By no stretch of the imagination could this girl be called a student of her chosen school during the time she was performing services in the office of said benefactor. We can see no distinction between this situation and the situation in the case at bar.

Appellant contends that a determination of this appeal involves a consideration of Rule No. 15 of the Unemployment Compensation Board and Regulation No. 106 of said board. Rule No. 15 is as follows:

"Meals, lodging, books, tuition or educational facilities furnished to a student while such student is attending an established school, college, university, hospital, or training course, for services

performed within the regular school term (including the customary vacation days or periods occuring within such term) shall not be considered remuneration."

Regulation No. 106 provides:

"A student who is attending an established school, college, university, hospital or training course and performs services under the control of an employing unit during the regular school term (including the customary vacation days or period occurring within such term) and who receives in lieu of cash, remuneration in the form of meals, lodging, books, tuition or educational facilities, is considered an employee of the employing unit for the purpose of determining the employing unit's liability under Section 2 (g) of the Law, even though such remuneration is not wages. (See Board Rule No. 15.) The services of such students are considered employment because they are performed under a contract of hire."

A casual examination of Rule No. 15 and Regulation No. 106 discloses that these provisions only apply to students who are regularly enrolled in any established school. The evidence in this case is without dispute that the persons working in the dispensary and in the office are not enrolled students and therefore not within the provisions of either Rule No. 15 or Regulation No. 106, *supra.*

Appellant also argues that the decision of the Review Board was contrary to law because the appellee failed to show that she had performed the conditions stipulated by the act to be performed before she would be eligible for unemployment benefits. This point, however, was not discussed under appellant's Propositions, Points and Authorities and therefore cannot be considered on this appeal. Rule 22 of the 1937 Revised Rules of the Supreme and Appellate Courts; *Welter* v. *Highland Realty Co.* (1931), 93 Ind. App. 97, 177 N. E. 337.

We think that the girls working for their tuition were employees, and therefore the appellant was an employer having eight or more employees.

The award of the Review Board is hereby affirmed.

NOTE.—Reported in 38 N. E. (2d) 872.