NATIONAL STEEL CORPORATION *v.* MANLEY.

[No. 19,825. Filed December 5, 1963.]

*Douglas, Douglas & Douglas* and *Herbert K. Douglas,* of Valparaiso for appellant.

*E. S. McCray,* of Valparaiso and *Paul Reed,* of Knox, for appellee.

CLEMENTS, J.—This is an appeal from the Starke Circuit Court from a judgment entered for appellee.

Appellant, National Steel Corporation, brought this action against appellee, Russell E. Manley, demanding an accounting for all monies due the appellant under a License Agreement. The License Agreement in issue granted appellee the exclusive right to dig for, remove and sell sand from certain tracts of land owned by ap-

pellant, and appellee agreed to pay appellant specified royalties.

Upon motion of appellant, the trial court made special findings of fact and conclusions of law. The court entered judgment for appellee, and appellant now appeals to this court.

At the outstart we are confronted by the fact that appellant's brief does not set out the special findings of the court, nor the conclusions of law. In that portion of appellant's brief entitled, "Condensed Recital of Evidence", appellant has set forth evidence and exhibits as presented to the court, but fails to state in any portion the special findings of the court and the conclusions of law.

As required by Supreme Court Rule 2-17, it is incumbent upon appellant, in his concise statement of the record, to set forth special findings and conclusions of law in full or in substance as to present the error relied upon without reference to the transcript. On failure to do so, alleged errors relative thereto are waived. *Schafer* v. *Ort* (1931), 202 Ind. 622, 624, 177 N. E. 438; *Piersol* v. *Hays* (1943), 113 Ind. App. 214, 219, 47 N. E. 2d 838; *Welter* v. *Highland Realty Co.* (1931), 93 Ind. App. 97, 98, 177 N. E. 337; *Rayburn* v. *Williams* (1913), 54 Ind. App. 617, 619, 103 N. E. 116; *Town of Jasper* v. *Cassidy* (1913), 53 Ind. App. 678, 679, 102 N. E. 278; *Reeves & Co.* v. *Gillette* (1911), 47 Ind. App. 221, 223, 94 N. E. 242; *State* v. *Lukins* (1909), 43 Ind. App. 341, 87 N. E. 246.

We are also confronted with the fact that appellant's brief is defective in that it fails to set forth an assignment of errors.

In *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, at page 534, 150 N. E. 2d 883, our Supreme Court said:

"In order to present error on appeal it must be specified in the assignment of errors, and such specification or specifications, or the substance thereof, must appear in the 'Concise Statement of the Record' under Rule 2-17(d)." See also: *Livingston, Admr.* v. *Livingston, Trustee* (1961), 132 Ind. App. 572, 574, 178 N. E. 2d 466; *Justice* v. *Tripp* (1960), 130 Ind. App. 187, 191, 158 N. E. 2d 809 (Transfer denied); *Hughes et al.* v. *St. Bank of W. Terre Haute* (1954), 124 Ind. App. 511, 117 N. E. 2d 563; *Butler* v. *Collins* (1936), 210 Ind. 38, 39, 199 N. E. 254.

The rules of the Supreme Court are binding on the courts as well as the litigants. *Hughes et al.* v. *St. Bank of W. Terre Haute, supra; Board of Med. Regist. and Exam., etc.* v. *Bowman, supra.*

For the reasons above stated the judgment of the trial court must be affirmed.

Judgment affirmed.

Carson, C. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 194 N. E. 2d 416.