HUDACKO *v.* WOLF, SAYER AND HELLAR.

[No. 9,229. Filed April 20, 1917.]

1. APPEAL.—*Record.—Incorporation of Bill of Exceptions.*— Where the clerk's certificate to a transcript contained a recital that the transcript contained full, true and correct copies of all pleadings and papers filed, all order-book entries, motions, and all orders made by the clerk, and also the original bill of exceptions, a document labeled "Transcript by the evidence in the above cause," but not preceded by any recital or followed by any certificate showing it to be a bill of exceptions, cannot be regarded as a bill of exceptions, so that specifications in a motion for a new trial which cannot be considered without reference to the evidence cannot be reviewed. pp. 321, 322.

2. APPEAL.—*Record.—Incorporation of Bill of Exceptions.*—A document, purporting to be the judge's certificate to an "annexed bill of exceptions" and following the clerk's certificate incorporated in the transcript, forms no part of the transcript and cannot be considered for any purpose. p. 322.

From Lake Superior Court; *Lawrence Becker*, Judge.

Action by Wolf, Sayer and Hellar against George Hudacko. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*James W. Brissey* and *Theodore Klotz*, for appellant. *James A. Patterson* and *M. E. Crites*, for appellee.

DAUSMAN, J.—The appellee, a corporation, instituted this action against appellant to recover an alleged indebtedness and to foreclose a chattel mortgage given to secure part of the indebtedness. The court found for appellee and rendered judgment for $976.74 and a decree of foreclosure. The only error assigned is predicated on the overruling of the motion for a new trial.

The clerk's certificate to the transcript contains the recital: "That the above and foregoing transcript contains full, true and correct copies of all pleadings and papers filed, all order book entries, motions, and all orders made by the clerk, and also the original bill of exceptions filed in my office by the defendant, after signature by the judge of this court, on the 14th day of November, 1914, all as required by the above and foregoing praecipe."

We find in the transcript, preceding the clerk's certificate, a document labeled "Transcript of the evidence in the above cause". But there is absolutely nothing in this document, or annexed or attached thereto, which in any manner indicates that it is a bill of exceptions. It is not preceded by any recital or followed by any certificate; and therefore it cannot be regarded as a bill of

exceptions. *McMurran* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238.

Following the clerk's certificate, but separated from said "Transcript of the evidence" by three pages of other matter, we find a document purporting to

2.   be the judge's certificate to an "annexed bill of exceptions". As a matter of law this certificate forms no part of the transcript and cannot be considered for any purpose. *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090. It follows, then, that the evidence is not in the record.

1.   Since none of the grounds specified in the motion for a new trial can be considered without the evidence, this appeal presents nothing for our consideration. Judgment affirmed.

NOTE.—Reported in 115 N. E. 786.