## VANDALIA COAL COMPANY v. HOUSTON.

[No. 9,233. Filed April 20, 1917.]

APPEAL.—*Briefs.*—*Waiver of Error.*—Assigned errors are waived where appellant's brief in its points and authorities merely sets out a number of abstract propositions of law and authorities in support thereof without applying such propositions to any particular error or ruling.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Hugh Houston against the Vandalia Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry W. Moore,* for appellant.

*John W. Lindley,* for appellee.

DAUSMAN, J.—Appellee instituted this action to recover damages for a personal injury received while in

'Vandalia Coal Co. v. Houston—64 Ind. App. 322.

the employ of appellant as a workman in its coal mine, and resulting from appellant's alleged negligence. The verdict and judgment was for appellee in the sum of $450. The following errors are assigned: (1) That the court erred in overruling the demurrer to the complaint; (2) that the complaint does not state facts sufficient to constitute a cause of action; (3) that the court erred in overruling the motion of appellant for judgment; and (4) the court erred in overruling appellant's motion for a new trial.

In its reply brief appellant informs this court that it waives the first assignment of error and concedes that the complaint states a cause of action at common law. By this express waiver and concession the first and second assignments of error are, of course, eliminated.

The remaining assignments of error are waived by appellant's failure to present them in its brief. In the department of its brief denominated "Points and Authorities" a number of abstract propositions of law are set out and authorities in support thereof are cited. But there is nothing to indicate to which alleged error the several propositions refer. They are not arranged in groups with each group under a separate heading of each error relied on, as required by a rule of this court. No specific reference is made to any ruling relied on as error. Apparently there has been no attempt to apply any of these general propositions to any particular ruling. There is no way by which this court could know how these several propositions apply, if at all, to the alleged errors, except by undertaking an independent investigation for that purpose. It has been held uniformly that in this department of a brief, " 'Mere abstract statements of law or fact, or both, unless applied specifically to some particular ruling or action of the court although contained in appellant's statement of

points, present no question.'" *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218. Judgment affirmed.

NOTE.—Reported in 115 N. E. 786.