Davis, Director, *v.* Hunter—79 Ind. App. 462.

---

## DAVIS, DIRECTOR GENERAL OF RAILROADS AND AGENT, *v.* HUNTER ET AL.

[No. 11,427.    Filed March 29, 1923.]

1. APPEAL.—*Review.*—*Variance between Pleading and Proof.*— *Amendments Deemed Made.*—Where the complaint might, on motion in the trial court, have been amended so as to conform to evidence admitted without objection, the court on appeal will deem the amendment to have been made. p. 463.

2. CARRIERS.—*Carriage of Live Stock.*—*Shipping Contract Limiting Recovery for Loss.*—*Validity.*—*Interstate Commerce Act.* —A clause in a bill of lading for an interstate shipment of hogs limiting recovery for hogs lost in transit to their value at the time and place of shipment is void as being in violation to the Cummins Amendment to the Interstate Commerce Act (§§8592, 8604a U. S. Comp. St., 38 Stat. at L. 1196), providing that the carrier shall be liable for the full actual loss, notwithstanding any limitation of liability, etc. p. 464.

3. CARRIERS.—*Carriage of Live Stock.*—*Loss in Transit.*—*Measure of Damages.*—*Invalid Shipping Contract Limiting Recovery for Loss.*—A clause in a bill of lading for an interstate shipment of hogs limiting recovery for hogs lost in transit to their value at the time and place of shipment being void as in violation of the Cummins Amendment to the Interstate Commerce Act (§§8592, 8604a U. S. Comp. St. 1916, 38 Stat. at L. 1196), the amount of recovery is governed by the common-law rule that the value of the hogs at the point of destination when they should have been delivered is the measure of damages. p. 464.

4. CARRIERS.—*Carriage of Live Stock.*—*Loss in Transit.*—*Damages.*— *Evidence.*— *Sufficiency.*— In an action to recover the value of part of an interstate shipment of hogs lost in transit, evidence as to the value of the hogs at the point of destination two days before they should have been delivered, *held* insufficient to support a judgment for plaintiff. p. 465.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by Halden Hunter and others against James C. Davis, Director General of Railroads and Agent, and another. From a judgment for plaintiff against the named defendant, he appeals. *Reversed.*

*Olds & Thomas,* for appellant.

*Lee J. Hartzell* and *Levi A. Todd,* for appellees.

REMY, P. J.—Action by appellees, Hunter, Woodward and Glass, as partners, hereinafter designated appellees, against appellant, as Director General of Railroads, and the New York Central Railroad Company, to recover the value of certain hogs, a part of a shipment from Auburn, Indiana, to Buffalo, New York, and over said railroad. It is averred in the complaint that the shipment consisted of one hundred and thirty-nine hogs, eleven of which were lost in transit; that the total value of the shipment was $3,500, and the value of those lost was $500. A copy of the contract under which it is alleged the hogs were shipped is made a part of the complaint. Appellant and the railroad company each filed answer in denial. A trial by the court resulted in a judgment in favor of appellees and against appellant in the sum of $350

On the trial, appellees, without objection on the part of appellant, introduced in evidence, as "Plaintiff's Exhibit A" what purported to be the original contract of shipment. The contract thus introduced in evidence is not in all respects identical with the copy set out in and made a part of the complaint. The language setting forth the terms and conditions thereof are, however, substantially the same. It is urged by appellant that there is a fatal variance between the pleading and proof. The complaint might, on motion in the trial court, have been amended so as

to conform to the evidence admitted without objection. Under such circumstances this court, on appeal, will deem the amendment to have been made. §700 Burns 1914, §658 R. S. 1881; *Krutz* v. *Howard* (1880), 70 Ind. 174; *Noble* v. *Davidson* (1911), 177 Ind. 19, 96 N. E. 325.

At the trial the only evidence submitted as to the value of the hogs alleged to have been lost was the market value at Buffalo on December 13, 1918, the date 2, 3.   the shipment left Auburn. The uncontradicted evidence shows that the hogs should have arrived, and did arrive, at Buffalo two days later. There is no evidence as to the value of the hogs at Auburn on the day they were shipped, or at any other time; nor is there any evidence as to their value at Buffalo at the time they should have arrived at that city. It is suggested by appellant that there is, therefore, no evidence upon which to base the measure of appellees' damages. The hogs were shipped under a bill of lading which, among other things, stipulated that "the amount of any loss or damage for which appellant is liable, shall be computed on the basis of the value of the live stock at the time and place of shipment," etc. The shipment having been interstate in character, the clause in the bill of lading limiting the amount of recovery to the value of the hogs at the time and place of shipment is in violation of the Cummins Amendment of March 4, 1915, to the Interstate Commerce Act (Act of March 4, 1915, ch. 176, 38 Stat. at L. 1196, §§8592, 8604a U. S. Comp. St. 1916), which among other things provides that the carrier—"Shall be  *  *  *  liable for the full actual loss  *  *  *  caused by it,  *  *  * notwithstanding any limitation of liability or limitation of the amount of recovery, or representation or agreement as to the value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed

with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made, is hereby declared to be unlawful and void." It follows, that the clause in the bill of lading limiting the amount of damages for which appellant might become liable for loss in transit, to the value of the hogs at the time and place of shipment, is void. *Chicago, etc., R. Co.* v. *McCaull-Dinsmore Co.* (1920), 253 U. S. 97, 40 Sup. Ct. 504, 64 L. Ed. 801. That provision of the bill of lading being unlawful and void, the amount of recovery would be governed by the rule at common law, namely, the value of the hogs at Buffalo, the point of destination, at the time they should have been delivered. 4 R. C. L. 997; *Kansas City & M. R. Co.* v. *Oakley* (1914), 115 Ark. 20, 170 S. W. 565; *Plaff* v. *Pacific Express Co.* (1911), 251 Ill. 243, 95 N. E. 1089; *McCaull-Dinsmore* v. *Chicago, etc., R. Co.* (1918), 252 Fed. 664.

There is, as we have said, no evidence whatever as to the value of the hogs at Buffalo at the time they should have been delivered. Since it is a matter of common knowledge that the market values of live stock change from day to day, it cannot be said that the value of the hogs at Buffalo on December 13, was their value in that city on December 15, the day they should have been delivered. There being no evidence upon which to base the measure of damages, the judgment must be reversed.

Other questions presented are not likely to arise on another trial.

Judgment reversed, with directions to grant a new trial.