## DAMPIER v. STATE OF INDIANA.

[No. 24,410.    Filed June 11, 1924.]

1. CRIMINAL LAW.—*Appeal.—Briefs.—Points and Authorities.*—
On appeal from a judgment in a criminal case, if the appellant, in his brief, does not state definite legal propositions and support them by authorities, as required by Supreme Court Rule 22, subdivision 5, no question will be considered on appeal. p. 647.

2. CRIMINAL LAW.—*Appeal.—Briefs.—Points and Authorities.*—
The statement of abstract legal propositions under the head "Points and Authorities", without any attempt to apply the propositions to any question raised on the appeal, is not a compliance with Rule 22, subdivision 5, of the Rules of the Supreme Court. p. 647.

From Marion Criminal Court; *Frank A. Symmes,* Special Judge.

John Dampier was convicted of unlawfully selling intoxicating liquor, and he appeals. *Affirmed.*

*Eph Inman* and *Joseph T. Markey,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *O. S. Boling,* for the State.

TRAVIS, J.—Appellant was charged and convicted of the offense of unlawfully selling intoxicating liquor.

The only error relied upon for reversal is the ruling of the court in overruling appellant's motion for a new trial, for the causes that the finding of the court is not sustained by sufficient evidence and is contrary to law, and for the admission of evidence over appellant's objection.

The testimony upon which the conviction rested was by one Humphrey, that he purchased one half-pint of whisky of appellant, for one dollar, and that he was apprehended by police officers when leaving appellant's premises with the bottle of whisky in his pocket.

Appellant, in his brief, under errors relied upon for reversal, makes no points of law in support thereof. What appellant in his brief terms "points, propositions, and authorities", is a reiteration of three of the causes for a new trial, without any points or propositions, with authorities. Subdivision 5, Rule 22, Supreme Court. It is the established practice that if appellant fails to support the questions raised by legal points with authorities, such questions will not be considered on appeal. *Kunkalman* v. *Gibson* (1908), 171 Ind. 503, 84 N. E. 985, 86 N. E. 850; *Town of Windfall City* v. *First Nat. Bank* (1909), 172 Ind. 679, 87 N. E. 984, 89 N. E. 311; *Stewart* v. *Stewart* (1911), 175 Ind. 412, 94 N. E. 564.

Appellant, following his restatement of his motion for a new trial in his brief under the head "Points and Authorities", states an abstract legal proposition which is sound; but he in no manner makes any attempt to apply the legal proposition to any reserved question. This is not in compliance with the rule. Rule 22, subdivision 5, *supra.* The reason for the rule is ample. The court cannot be put into the position of conjecture concerning the position taken by the party in his brief, much less to conjecture in his favor. To conjecture, if at all, must be most favorable to the opposing party. Appellant, by his abstract proposition of law, presents no error for review, or question for decision. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 626, 103 N. E. 652; *Bleiweiss* v. *State* (1918); 188 Ind. 184, 119 N. E. 375, 122 N. E. 577; *Leach* v. *State* (1912), 177 Ind. 234, 240, 97 N. E. 792; *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518.

Judgment affirmed.