## LAND v. STATE OF INDIANA.

[No. 24,526.    Filed May 20, 1926.    Rehearing denied October 26, 1926.]

1.  CRIMINAL LAW.—Merely stating abstract propositions of law in support of an error assigned is not a compliance with the rules of court as to preparation of briefs so as to present any question for review.  p. 342.

2.  CRIMINAL LAW.—In order to present for review the exclusion of evidence, appellant's brief must point out the place in the record where the question and the ruling of the court may be found.  p. 342.

3.  CRIMINAL LAW.—Errors assigned on appeal will not be considered where appellant has not supported his assignment by appropriate points and authorities.  p. 342.

4.  CRIMINAL LAW.—Error in giving an instruction is not presented for review on appeal where appellant's brief neither sets out the instruction nor points out where it may be found in the record.  p. 342.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Pearl Land was convicted of aiding, encouraging and contributing to the delinquency of a girl under eighteen years of age, and he appeals.  *Affirmed.*

*A. E. Needham,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

TRAVIS, J.—Three errors are sought to be presented by the brief upon the assignment of errors:    (1) That the verdict is not sustained by sufficient evidence.

1-4.    An attempt was made to support this alleged error by stating one abstract proposition of law, which is true, but does not point to any absence of evidence to prove every material element of the offense or any one of them; and one abstract proposition of law which is erroneous and has no bearing on the case. *McCrocklin* v. *State* (1920), 189 Ind. 254, 126 N. E. 678. (2) That the court refused to permit a witness to answer a question.  The brief does not give the place in

the bill of exceptions where the question or ruling of the court may be found, nor is there a point of law suggested or an authority cited concerning the alleged error. *McCrocklin* v. *State, supra; Dampier* v. *State* (1924), 194 Ind. 646, 144 N. E. 241. (3) That the court erred in giving an instruction to the jury. Neither the instruction nor the substance of it is stated in the brief, nor where it may be found in the bill of exceptions. *McCrocklin* v. *State, supra; Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 77 N. E. 945; Ewbank's Manual of Practice (2d ed.) §182.

The brief presents no error, as required by the rules of the court concerning the presentation of the appeal for consideration by the court. Rule 22, Supreme Court.

Judgment affirmed.