DUDLEY, TRUSTEE, *v.* STATE, EX REL. KNAPP.

[No. 25,210.   Filed October 29, 1931.]

*Albert J. Peine* and *M. P. Hubbard,* for appellant.
*I. N. McCarty* and *O. S. Boling,* for appellee.

TRAVIS, J.—This is an action by relator to mandate the defendant (appellant) to extend a school route, over which children are transported, to accommodate relator's child, age seven years.

The finding of the court is in favor of relator and against the defendant (appellant). Judgment was rendered upon the finding that the mandate issue.

The statement in appellant's brief which discloses the errors relied upon for reversal of the judgment (Supreme Court Rule 22, clause 4) specifically alleges six different errors. Appellant states in his reply brief that he concedes, as maintained by appellee in his brief, that four of the alleged errors relied upon for reversal may not be independently assigned as errors, and that one of the alleged errors relied upon for reversal is abandoned. This leaves but one error properly assigned and relied upon for reversal of the judgment, which error is predicated upon the overruling of appellant's demurrer to appellee's complaint. The statement of the record in the brief (Supreme Court Rule 22, clause 5) does not contain a verbatim copy of the complaint, neither does it contain a concise statement of so much of the record as fully presents the error relied on. Appellant's brief, under that part denominated "What The Issues Were," purports to state allegations in the complaint, but it does not purport to state all the allegations of the complaint necessary for a full consideration of the question of law presented by the demurrer to the complaint. If the pleadings filed in this case had been presented by the brief according to Supreme Court Rule 22, and a motion for a new trial had been filed, by which the other errors relied upon could have been presented, had it been overruled, and a bill of exceptions to the rulings of the trial court to support the separate errors relied on for reversal, appellant's brief would not present a question of law for review, because the brief does not

contain, under a separate heading of each error relied on, separately numbered points. The points made and presented by the brief are not addressed to any one or more of the errors assigned, or relied on, or to any error relied on to reverse the judgment. (Supreme Court Rule 22.) The points which are presented by the brief, and supported by cited authorities, are abstract propositions of law, no one of which presents a question of law for review or decision. *Land* v. *State* (1926), 198 Ind. 342, 151 N. E. 823; *Dampier* v. *State* (1924), 194 Ind. 646, 144 N. E. 241; *Smith* v. *State* (1924), 194 Ind. 624, 144 N. E. 141.

Judgment affirmed.