LEMOND *v.* ASTRIKE ET AL.

[No. 14,642.   Filed June 2, 1933.]

*Ben F. Garland* and *Frank Ely,* for appellant.

*Eldo W. Wood* and *W. E. Cox,* for appellees.

KIME, C. J.—Appellant was the payee and holder of a promissory note of $325.00 face value, who brought suit in a complaint of one paragraph against the maker, Astrike, and the two sureties. Appellees answered by general denial, a plea of payment and pleaded the transaction alleging payment to an alleged agent of the holder. There was then filed a cross-complaint alleging payment and asking for cancellation of the note. General denials were filed to all pleadings and also a reply to appellees' third paragraph of answer, thus closing the issues. Trial by court followed with a finding

against appellant on the complaint and a finding for appellees on their cross-complaint, with judgment accordingly with costs to appellant. A motion for a new trial followed which alleged the following grounds: The decision is not sustained by sufficient evidence; the decision is contrary to law; error in admission over appellant's objection of evidence from appellee Astrike to the effect that one Rothert, president of a bank, was the individual agent of appellant without proving or offering to prove that appellant had appointed such agent and that such alleged agent accepted payment of said note; error in the admission of evidence over appellant's objection that appellee Astrike paid the note to either the bank or Rothert without first showing in some other manner than by the parol evidence of Astrike that the note had been paid; error in the admission of an exhibit "A," as evidence, this being a note for $3,400.00 signed by Astrike and payable to the bank, without proving or offering to prove the loss of notes which went to make up the $3,400.00 note or other evidence laying a foundation for secondary evidence. There were other grounds of similar import in the motion but we believe enough has been set forth upon which to base this opinion. This motion was overruled and this action is the error assigned in this court.

The evidence necessary to an understanding of this case follows: Appellant, a farmer, held a public sale and Astrike bought some live stock for $325.00, giving his note therefor on April 23, 1925, payable in six months with interest from maturity at seven per cent. Appellant then placed this note with many others in the hands of the Huntingburg Bank for collection and went to California. The bank went into the hands of a receiver and this note was turned back to the owner. Hence the suit for collection.

The appellee Astrike contends that one Rothert, the

president of the bank, collected the face value of this note and promised to destroy it or mail it to Astrike (but this was never done). Astrike further contends that Rothert was the agent of Lemond and it is the attempt to prove this agency which raises most of the questions presented here.

There was evidence introduced by appellant (the records of the bank) tending to show that this note was never paid, which would have been enough to base a finding upon for appellant. There was also evidence of the appellee Astrike that he had paid the note to Rothert, at the Hutingburg Bank, which was sufficient if the trial court believed him and it evidently did. This court cannot weigh conflicting evidence.

Rothert was the president of the Huntingburg Bank, which appellant admits was his agent. Appellee testified that this note was paid *at the bank* and that the note was not given him because it was *in the vaults of the bank*. Rothert was clearly acting within the scope of his authority as an instrumentality of the agent (the bank). It is well established that the principal can not escape the result produced by the acts and declarations of his agent within the apparent scope of the agent's authority. *Rexroth et al.* v. *Holloway* (1909), 45 Ind. App. 36, 90 N. E. 87; *Barnett* v. *Gluting et al.* (1891), 3 Ind. App. 415, 29 N. E. 154, 927; *Wagner* v. *McCool et al.* (1913), 52 Ind. App. 124, 100 N. E. 395.

No doubt it would be error for the trial court to admit evidence of the acts of an agent without a proper foundation, but since Rothert was the president of the agency designated by the appellant, the result reached by the trial court was correct and the error proved harmless.

As to the error assigned as to the admission of a

$3,400.00 note we may say that appellee Astrike testi-
fied that he had destroyed the two notes that went to
make the note in question. The judgment of the Dubois
Circuit Court is affirmed and it is so ordered.

Dudine, J., not participating.