CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* STORMONT.

[No. 14,589. Filed December 13, 1933. Rehearing denied March 17, 1934. Transfer denied June 8, 1934.]

Morton C. Embree and Charles O. Baltzell, for appellant.

T. Morton McDonald and Douglas H. McDonald, for appellee.

DUDINE, J.—Appellee filed suit against appellant to recover damages sustained by reason of improper handling of a shipment of four hundred cases of eggs from Oakland City and Petersburg, Indiana, to Jersey City, New Jersey. Trial was had by the court who made a special finding of facts favorable to appellee, stated one conclusion of law, that appellee was entitled to recover judgment against appellant for seven hundred and forty-four dollars ($744.00), and rendered judgment accordingly.

Appellee filed a motion for new trial, which motion was overruled, and thereafter this appeal was perfected. The errors relied upon for reversal are that the court erred in its conclusion of law, and that the court erred in overruling appellant's motion for new trial. The grounds for new trial set forth in the motion are: (1) Decision is not sustained by sufficient evidence; (2)

decision is contrary to law; (3) and (4) excessive damages.

The court found that appellant and connecting carriers handled said eggs in a careless and negligent manner, "so that when said eggs were delivered at said destination, through the carelessness and negligence of said carriers, a large number of said eggs were broken and cracked and the remainder stained and discolored to such an extent that the market value of the entire shipment was depreciated; that had said eggs been delivered at destination in reasonably sound condition . . . (they) . . . would have been reasonably worth . . . twenty-seven hundred sixty ($2760.00) dollars; that by reason of the condition in which said eggs were when delivered the reasonable value of said shipment . . . was twenty-one hundred sixty ($2,160.00) dollars . . . that the payment of plaintiff's claim has been unreasonably delayed, and by . . . amounting to one hundred forty-four dollars. . . ."

It is apparent from the record that in fixing the damages the court applied the rule which recognizes the difference in value of the goods at destination in good condition, and in the damaged condition in which they were delivered, as the correct measure of damage.

Appellant contends that the correct measure of damages in this case is the actual loss to appellee; that the evidence shows that the eggs were not sold in the damaged condition, but that the shipper "elected to recondition the shipment and to sell them as reconditioned." Appellant also contends that the application of the rule of damages adopted by the court produces a figure far in excess of appellee's actual damages and enables him to make a profit by his suit. All of appellant's contentions may be properly summed up as a contention that the measure of

damages applied in this case was inapplicable to this case.

This was an interstate shipment and hence the Cummins Amendment to the Interstate Commerce Act, U. S. C. A. 1931, applies. This statute places upon the carrier a liability for "the full actual loss, damage, or injury to such property . . . *notwithstanding any limitation of liability . . . in . . . bill of lading . . .*" (Our italics.)

This court, in *Davis, Director* v. *Hunter* (1922), 79 Ind. App. 462, 138 N. E. 785, held the correct measure of damages in an action to recover the value of part of an interstate shipment of hogs lost in transit is the difference between the value of the hogs at their destination when they were delivered, and when they should have been delivered. See 4 R. C. L. 997; *Chi., etc., Ry. Co.* v. *McCaull Dinsmore Co.* (1920), 253 U. S. 97, 100, 64 L. Ed. 801.

This rule was recognized by our Supreme Court before the passage of said Act. See *Pitt., etc., Ry. Co.* v. *Knox* (1911), 177 Ind. 344, 98 N. E. 295, and by this court in *Williams* v. *Pitt., etc., Ry. Co.* (1918), 68 Ind. App. 93, 120 N. E. 46, and said courts have not recognized any exceptions to the rule.

The determination of the question as to whether or not the application of this rule gave appellee excessive damages involves a review of the evidence. We are not permitted to weigh the evidence and substitute the judgment of this court, for the finding of the trial court. If there is competent evidence to sustain the finding of the trial court we must sustain it.

There was evidence introduced showing that the entire shipment was badly broken up and that the shipment consisted of twelve thousand dozen eggs in bad condition; that if the shipment had been delivered in good condition, the eggs would have

been reasonably worth twenty-three cents per dozen; that by reason of the condition of the shipment at its destination, they were worth only eighteen cents per dozen; that they arrived at destination on May 27, 1927.

This evidence was, in our opinion, competent to sustain the court's decision as to damages to the shipment of eggs.

No reversible error having been shown, the judgment of the lower court is affirmed.

Kime, J. concurs in result.