METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK *v.* S. J. PEABODY LUMBER CO.

[No. 14,720. Filed October 16, 1934.]

*Goodrich & Emison* and *McAdams & Lincoln,* for appellant.

*Phil McNagney* and *Barrett, Barrett & McNagney,* for appellees.

Curtis, J.—This was an action commenced by the appellee, S. J. Peabody Lumber Company, a corporation, in which it sought to foreclose its mechanic's lien for materials furnished by it and used in the construction of a barn on the real estate owned by the appellees Crouch and Crouch. The appellee Federal Land Bank of Louisville, Kentucky, owned certain mortgages upon said real estate. Appellee S. F. Trembley, trustee of Lloyd S. Crouch and Mildred A. Crouch, claimed an interest in said real estate by a deed and assignment from Crouch and Crouch after said barn had been constructed. The other appellees were owners of mechanics' liens on said real estate by reason of furnishing labor and material in the construction of said barn. Appropriate pleadings were filed in said cause by said mechanic lienholders for the foreclosure of their respective liens. The appellant asked and was granted leave to intervene whereupon it filed pleadings seeking to impress upon said real estate a lien for $3800.00 which it claimed was a superior lien to that of all the other lien-

holders except said bank. The issues were closed and the matter submitted to the court for trial without the intervention of a jury. A decree and judgment was entered which was satisfactory to each of the parties except the appellant. Its asserted lien was found to be junior to all others.

In due time the appellant filed its motion for a new trial which was overruled and this appeal prayed and perfected, assigning as error the ruling of the court thereon.

The appellees have failed to furnish us a brief and under the rules and decisions of the Supreme Court and this court, this will be taken to be a confession of error provided the appellant has made a *prima facie* showing of reversible error. Our inquiry then is to determine whether or not such a showing has been made.

In the appellant's brief under the heading of propositions and authorities it has stated certain legal propositions supported by authorities but with absolutely no application to the case. It has been repeatedly held that this presents nothing for review. We have, however, examined the case upon the merits as presented by the appellant's brief. The appellant's asserted lien is based upon the fact that it was surety on a fidelity bond of Lloyd S. Crouch who was an employee of a bank and that it paid said bank $15,000.00 by reason of the defalcations of said Crouch and that Crouch has used $3800.00 of said money in the construction of said barn. No facts whatever are shown that would warrant any holding that the appellant had any lien superior to the lien of any of the appellees. The judgment was certainly as favorable to the appellant as the facts and the law would warrant.

The motion for a new trial was correctly overruled. The judgment is affirmed.