IMLER *v.* IMLER ET AL.

[No. 14,866. Filed December 21, 1935.]

242

*Atkinson & Husselman,* for appellant.

*Mountz & Mountz,* for appellee.

WIECKING, J.—This was an action below by appellant upon a promissory note in the sum of $650.00. To the complaint the appellees filed a joint answer of general denial and no consideration and the appellee Loyal Imler filed an answer of set-off in two paragraphs. Trial was had before the court without intervention of jury and judgment was rendered for the appellees. Appellant filed his motion for new trial, which motion was overruled.

The appellant in his brief states as his error relied on for reversal the action of the court in overruling the motion for a new trial. The motion for new trial as set out in the brief states twelve causes for new trial. The assignment of error is not set out in the briefs and the brief does not set out those of the twelve reasons for new trial upon which the appellant relies for reversal. None of such reasons are stated under the Propositions, Points and Authorities. The appellant in his Points and Authorities states three abstract propositions of law but fails to make any application of such propositions to any of the reasons or specifications in his motion for new trial.

Under the rules of this court, which were then in effect, the appellant's brief "shall contain under a separate heading of each error relied on, separately numbered points, stated concisely and without argument, together with the authorities relied on in support of

them; . . . no alleged error or point, not contained in this statement of points, shall be raised afterward, either by reply brief, or in oral or printed argument, or on petition for rehearing." Rule 22, Clause 5, Rules of the Supreme and Appellate Courts of Indiana.

A statement of numerous abstract propositions of law, without applying them to the errors assigned or to the grounds for a new trial, is not a compliance with this rule. *Welter* v. *Highland Realty Co.* (1931), 93 Ind. App. 97, 177 N. E. 337.

After a careful examination of appellant's brief we find that it does not comply with the above rule. As pointed out above, neither the assignment of error as a whole, nor any single cause for new trial is set out. Such a failure to comply with the rules presents no question to this court for consideration. *Dudley* v. *State* (1931), 202 Ind. 696, 178 N. E. 173; *Meier* v. *Union Trust Company* (1931), 93 Ind. App. 457, 176 N. E. 42; *Welter* v. *Highland Realty Company, supra.*

Judgment affirmed.