MARKEY, RECEIVER *v.* McREYNOLDS.

[No. 15,106. Filed May 11, 1936.]

*Henry H. Winkler, Clarence C. Wysong* and *Harry S. Medlock,* for appellant.

*Wilbur A. Royse* and *Grover A. Hutchings,* for appellee.

DUDINE, J.—This is an appeal from a judgment for damages against appellant for personal injuries sus-

tained by appellee as the result of being struck by a taxicab at or near a street intersection in the city of Indianapolis.

The issue was formed by a complaint in two paragraphs and an answer in general denial. No questions are presented as to the pleadings.

The cause was submitted to a jury for trial and the jury returned a verdict for the plaintiff in the sum of $3,000.00. Judgment was rendered accordingly, and this appeal was perfected, the sole error assigned being alleged error in overruling the motion for new trial.

The causes for new trial assigned in the motion therefor and discussed in appellant's brief are: (1st) error in the giving of a certain instruction; (2nd) error in refusing to give a certain instruction; and (3rd) the verdict is contrary to law.

Appellee, in her brief, calls our attention to the fact that the transcript does not show that appellant took exception to the giving or the refusal to give said instructions, respectively. We have examined the record and found that all instructions tendered by the parties, and all instructions given or refused by the court were filed as part of the record in the cause, and were actually made part of the record—and that the record does not show that such exceptions were taken. Therefore error in the giving or the refusal to give said instructions, respectively, if any, will be deemed waived. *Roach* v. *Cumberland Bank* (1916), 60 Ind. App. 547, 111 N. E. 320; *Jaqua* v. *Cordesman and Egan Co.* (1886), 106 Ind. 141, 5 N. E. 907.

Appellant in its brief states several "points" in support of the assignment that the award is contrary to law but it makes no application of any of said points to the case at bar; therefore said points will not be considered.

Appellant's point four is as follows:

"Point 4. There is no evidence in the record in this case which would warrant a finding by the jury that the said (Stark) was an agent, employee or servant of the appellant."

Such point cannot be presented under an assignment that the verdict of the jury is contrary to law. (See Watson's Work's Practice Forms, Sec. 1996.) It could be presented only under an assignment that the verdict of the jury is not sustained by sufficient evidence, but there being no such assignment the point will not be considered. (See Watson's Work's Practice and Forms, Sec. 1998.)

No questions having been presented, the judgment is affirmed.