ROTHCHILD *v.* CITIZENS LOAN COMPANY OF INDIANAPOLIS, INC.

[No. 15,312  Filed July 2, 1936.]

*Alexander Belle, S. C. Bodner* and *S. A. Bortz,* for appellant.

*S. K. Ruick,* for appellee.

WIECKING, J.—This was an action below by the Citizens Loan Company of Indianapolis, Inc., appellee, against Henry Rothchild, appellant, and one Clyde C. Cartright on a promissory note in the sum of ninety-three dollars with interest at the rate of three and one-half per cent per month as provided in the note.

The complaint was in one paragraph and alleged that the licensee engaged in the business of making petty loans pursuant to the small loan statute of the State of Indiana then in force, being sections 9777-9781, Burns' Revised Statutes 1926. The complaint also set out a copy of the note as an exhibit and alleged that the note was due and wholly unpaid.

To this complaint the appellant filed a demurrer with a memorandum attached thereto on two grounds: (1) that the court had no jurisdiction of the subject matter of the action; (2) that the complaint did not state facts sufficient to constitute a cause of action.

The memorandum attached set out two specifications which were as follows:

"The plaintiff's complaint does not show the address of the plaintiff, and that license to transact a Petty Loan Business was issued at that address, nor does it show the consent of the Auditor of State in writing to such removal if it did move, had been secured.

"Complaint asks for attorney's fees, and this not being an action in foreclosure proceedings, no attorney's fees can be required, and a note asking for such except in foreclosure proceedings is illegal."

This demurrer was overruled by the court. Thereafter the appellant filed an answer in four paragraphs: (1) general denial; (2) lack of jurisdiction; (3) that his signature was obtained by fraud and misrepresentation; and (4) that the plaintiff failed to comply with the provisions of the Petty Loan Act. To this answer the appellee filed a reply in general denial to the second, third, and fourth paragraphs of answer and an affirmative reply to the fourth paragraph alone admitting that it could not recover attorney's fees upon the note. Upon the issues thus formed the cause was submitted to the court without the intervention of a jury and on the 16th day of April, 1934, the court entered judgment in favor of the appellee in the sum of $159.13. Thereafter the appellant filed a motion for new trial properly setting out the following grounds, to wit:

"1. The decision or finding of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law."

This motion was overruled by the court and the appellant now appeals, assigning as error in this court: (1) the court erred in overruling the demurrer of appellant to the complaint of appellee; (2) the court erred in overruling appellant's motion for a finding for the appellant at the conclusion of appellee's case; (3) the court erred

in overruling appellant's motion for new trial. All of the above errors raised but two questions and may be considered together.

The court did not err in overruling the demurrer to the complaint. The Municipal Court of Marion County had jurisdiction of the subject matter in this cause. Section 1725, Burns' Revised Statutes 1926 (Sec. 4-2502, Burns' Indiana Statutes Annotated 1933, §1717, Baldwin's 1934). The note not only contained the words "value received" but also complied with the Petty Loan Act by containing a statement of the actual amount of money received by the borrower in the following words "amount of money actually paid to borrower—$93.00." This is a sufficient compliance with section 9779, *supra*. *Wells et al.* v. *Indianapolis Co.* (1928), 88 Ind. App. 231, 161 N. E. 687.

The appellant assigns as error for its second ground that the court erred in overruling appellant's motion for a finding for the appellant at the conclusion of appellee's case. This is not a proper independent assignment of error and hence presents no question for our consideration.

Under its specifications that the court erred in overruling the motion for new trial, the appellant contends that the decision of the court is not sustained by sufficient evidence and is contrary to law.

There is sufficient evidence in the record to sustain the finding of the trial court. While there is some conflict in the evidence, this court will not weigh conflicting statements on appeal. *Lemond* v. *Astrike* (1933), 97 Ind. App. 106, 185 N. E. 867; *C. C. C. & St. L. Ry. Co.* v. *Stormont* (1934), 99 Ind. App. 61, 187 N. E. 838.

The appellant also stresses the fact that this note provided for attorney's fees in case of foreclosure. The appellee specifically waived any claim for attorney's fees

in this action by its second paragraph of reply to appellant's answer. Furthermore a careful reading of the note discloses that it was not intended that attorney's fees should be charged in any case except where there was a foreclosure and this is not in violation of the Petty Loan Act, Section 9778, Burns, Revised Statutes 1926, §18-3002, Burns 1933, then in force, providing:

> "9778. Rate of interest, other charges. . . . That nothing herein shall preclude the allowance of a reasonable attorney fee, said fee to be determined and allowed by the court upon final judgment in foreclosure proceedings in a court of record."

The language of the note is in compliance with that part of the statute. The evidence in this case shows that the appellee was a licensee under the small loan act and gave its place of business as Farm Bureau Building in Indianapolis, Indiana. The evidence shows affirmatively that the appellee was at all times located in the Farm Bureau Building in compliance with that license. Complaint is also made that the company did not deliver to the borrower at the time of the loan a statement showing in clear and distinct terms the amount and date of the loan and its maturity and the rate of interest charged and name and address of the borrower and of the licensee. The evidence does show affirmatively that such statements were delivered to the borrower Cartright by the testimony of Elmer Johnson, the vice-president of the appellee company. This was a sufficient compliance with the provisions of Sec. 9779, *supra*.

Finding no error, the judgment of the Municipal Court of Marion County, Indiana, is affirmed.

Judgment affirmed.