Moister *v.* Spickelmier et al.

[No. 16,193. Filed October 17, 1939.]

*J. P. Barnard, Othniel Hitch,* and *Wilbur F. Pell,* for appellant.

*Means & Buenting,* for appellees.

Stevenson, C. J.—The appellant instituted this action against the appellees to recover damages for the alleged breach of a contract of employment. The ap-

pellant alleged in his amended complaint that he was employed by the defendants for a period of one year to act as sales manager in charge of the distribution and sale of an automatic stoker. He further alleged that his employment was to begin on the 8th day of August, 1932, and that he was to be paid for such services the sum of $5200.00 per year plus ten per cent (10%) of the net profits from the business. The plaintiff, appellant herein, further alleged that he began working under said contract for said defendants on the 8th day of August, 1932, and continued to work for them until the 5th day of December, 1932, at which time they wrongfully discharged him.

To this complaint the defendants filed answer in three paragraphs. The first paragraph was in general denial. The second paragraph of answer was a plea of payment and the third paragraph set up facts which tended to show a termination of said contract by mutual consent and re-employment under different terms.

The case was submitted to the court for trial without jury, and the court after hearing the evidence found for the defendants, appellees herein, and rendered judgment accordingly.

A motion for new trial was filed, alleging generally that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law. The only error assigned in this court is the alleged error in overruling appellant's motion for new trial.

The appellant's brief under Propositions and Authorities announces as the first proposition that "The appellant and appellees entered into a valid oral contract of employment for a period of one year." There is no discussion of this proposition and the only reference in the appellant's brief as to authority for such statement is to the testi-

mony of the appellant himself who testified as to the terms of the contract of employment. The second proposition announces that, "This valid contract was ratified by the performance of the appellant according to its terms and the part performance according to its terms by the appellees." There again the only citation of authority is to the pages in the transcript where certain testimony appears. This is not in compliance with Rule 18, Clause 6, of the Rules of the Supreme and Appellate Courts. Our court has repeatedly held that a brief so prepared is insufficient to present any question for review. *Welter et al.* v. *Highland Realty Co. et al.* (1931), 93 Ind. App. 97, 177 N.E. 337; *Imler* v. *Imler et al.* (1935), 101 Ind. App. 241, 198 N.E. 796.

The record in this case is short, however, and in reading the evidence to which the appellant directs us in his brief, we have taken the time to read the entire evidence offered in the trial in this case.

It appears from a reading of this testimony that there was a very decided conflict in the testimony as to the term for which the appellant was employed. The appellant testified that he was to be employed for a period of one year. This fact was very vigorously denied by the appellees. Under this state of evidence, the Appellate Court is not permitted to weigh the same and substitute our judgment for the finding of the trial court. "If there is any competent evidence to sustain the finding of the trial court we must sustain it." *C.C.C. & St. L. Ry. Co.* v. *Stormont* (1933), 99 Ind. App. 61, 187 N.E. 838.

The evidence in this case was, in our opinion, sufficient to sustain the finding and decision of the court. No reversible error having been shown, the judgment of the lower court is affirmed.

Judgment affirmed.