BALTIMORE AND OHIO RAILROAD COMPANY *v.*
PERTICS ET AL.

[No. 16,758.  Filed February 2, 1943.]

Don F. Kitch and Tom R. Huff, both of Plymouth, and Robert Thompson, of Winamac, for appellant.

Delph L. McKesson and Marshall F. Kizer, both of Plymouth, and Louis Reidelback, of Winamac, for appellees.

CRUMPACKER, J.—This is an action brought by the appellees, Elias Pertics and Emil Pertics, against the appellant, The Baltimore and Ohio Railroad Company, to recover damages the appellees claim to have sustained by reason of alleged wrongful acts of the appellant in collecting large quantities of surface water upon its right-of-way and discharging the same upon land leased by the appellees and upon which they had growing crops which were thereby destroyed. Issues were joined by an amended complaint and a general denial under rules of procedure and practice applicable to trial courts prior to September 2, 1940. The trial was by jury and resulted in a verdict for appellees in the sum of $1,500.00 upon which the court entered appropriate judgment. The appellant filed a timely motion for new trial which was overruled, an exception reserved and this appeal perfected.

The sole assignment of error relied upon by the appellant for reversal is the alleged error of the trial court in overruling the motion for a new trial. Nowhere in its brief is the appellant's motion for a new trial set out, but under the heading "Errors Relied on for Reversal" we find what appears to be the particular assignments of error as stated in said motion. These assignments, thirty-two in all, may be grouped or clas-

sified as follows: (1) The propriety of certain instructions given by the court at appellees' request and upon its own motion; (2) the competency of certain evidence admitted or excluded by the court; (3) the sufficiency of the evidence to sustain the verdict; and (4) the validity of the verdict as a matter of law.

We are confronted at the very beginning with the proposition as to whether or not appellant's brief presents these questions in such a manner as to enable us to decide them on their merits.

Under the heading "Propositions and Authorities" appellant states "Proposition I" as follows: "The Court erred in giving of its own motion each of the Court's instructions numbers 1 to 6 inclusive." This is unsupported by any point wherein the court's attention is directed to anyone of the six instructions involved, nor is it pointed out in what respect any specific instruction is erroneous. A blanket proposition of this character falls far short of the particularity required by Rule 2-17 (f) of the Rules of the Supreme and Appellate Courts wherein it is provided that "Each proposition shall be supported by separately numbered or lettered points or statements of rules of law applicable thereto, with citation of authorities in support thereof." The bare statement of a legal proposition, even though supported by authorities, presents nothing for review when its application to the case involved is not shown. *Metropolitan Cas. Ins. Co.* v. *Peabody Lbr. Co.* (1934), 99 Ind. App. 307, 192 N. E. 323; *Imler* v. *Imler* (1935), 101 Ind. App. 241, 198 N. E. 796; *Markey, Rec.* v. *McReynolds* (1936), 102 Ind. App. 183, 1 N. E. (2) 654.

Appellant's "Proposition II" is as follows: "The Court erred in giving certain of the plaintiffs' tendered

instructions which were misleading or irrelevant and which do not clearly state law relevant to the established facts given in evidence on the trial, and even though said instructions may be a correct statement of law, they are not relevant to the facts established by evidence." Although the appellant here attempts to state in what respect certain instructions are erroneous, it is impossible to determine to what specific instructions it has reference. A general charge in a brief under the heading "Propositions and Authorities" to the effect that certain instructions are erroneous for reasons therein set out but which fails to specifically designate each particular instruction referred to, is too indefinite and uncertain to present any question for review.

Propositions III, IV, V, VI, VII, VIII, and IX all involve the propriety of the trial court's rulings on the admissibility of evidence. Although appellant's brief does not set out a copy of its motion for a new trial, the overruling of which constitutes the sole error assigned in this appeal, we have determined, by reference to the record, that the assignment of errors is a verbatim copy of such motion.

The sufficiency of a motion for a new trial where error is predicated upon the admission or exclusion of evidence, is no longer an open question in this State. It has been determined many times by both this court and the Supreme Court. The most recent pronouncement on the subject is found in the case of *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. (2d) 207, where the following language from an earlier case is quoted with approval:

"'When error is predicated upon the admission or rejection of testimony, the motion for a new trial should set out the question and answer, if there was one, or the substance thereof. . . .

The objection urged below should also be set forth, together with the ruling of the court with respect thereto. . . . This is necessary for two good reasons: (1) that the trial court may be fully apprised of the alleged error so that it may have an opportunity to correct the ruling by granting the motion if it deems it proper to do so; and (2) that this court may be able to consider the matter on appeal without being burdened to search the record for grounds to reverse.' " *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. (2d) 267, 268.

Appellant's motion for a new trial, in each instance wherein it seeks to predicate error on the admissibility of evidence, fails to set forth the objection urged below and therefore no question on that subject is before us for decision.

"Proposition X" complains of the court's refusal to instruct the jury to disregard misstatements of law made by appellees' counsel in his closing argument. What such alleged erroneous statements were does not appear and the objections thereto, if any, are not shown. There are no "separately numbered or lettered points or statements of law applicable" to the situation complained of, and we are constrained to hold that no question under this proposition is presented for review. Rules of Supreme and Appellate Courts, Rule 2-17 (f).

All assignments of error presented by "Propositions XI, XII and XIII" in appellant's brief may be disposed of with the comment that they are nothing more than the bald statements of alleged error with no effort made to show their applicability to the instant case or to support them in any manner by specific principles of law, and therefore they present nothing for this court to decide. *Metropolitan Cas. Ins. Co.* v. *Peabody Lbr. Co., supra; Imler* v. *Imler, supra; Markey, Rec.* v. *McReynolds, supra.*

By way of general observation it may be stated that appellant's brief assigns error in thirty-two particulars but treats of only thirteen under the heading "Propositions and Authorities" and such treatment is without reference to and in complete disregard for corresponding numbers in the original assignment of error. With the appellant, this court is equally bound by its rules and, as a condition precedent to the consideration of an appeal on its merits, it must appear that a good-faith effort has been made to comply therewith and a substantial compliance accomplished. With all the charity we are allowed to entertain towards appellant's brief, we are bound to hold that it presents no questions for review.

Judgment affirmed.

NOTE.—Reported in 46 N. E. (2d) 251.