D. GRAFF AND SONS ET AL. *v.* WILLIAMS.

[No. 17,277.   Filed May 18, 1945.]

598

600

*George W. Hulbert* and *William I. Marlatt,* of Gary, for appellants.

*George P. Rose,* of Gary, and *E. Miles Norton,* of Crown Point, for appellee.

CRUMPACKER, J.—On or about 7 o'clock in the morning of July 2, 1943, at the intersection of Fourth Avenue and Marshall Street in the city of Gary, Indiana, a collision occurred between an automobile owned and driven by the appellee and a tractor owned and driven by the appellant Howard Passage to which tractor a trailer owned by the appellant D. Graff and Sons was attached. The appellee brought this suit to recover damages for injuries to both his person and his automobile and each appellant sought damages, by way of separate cross-complaints, for injuries to their respective vehicles. The jury's verdict was for the appellee on his complaint and against each appellant on his cross-complaint. The appellee's dam-

ages for injuries to his person were assesed at $1,500 and for injuries to his automobile at $190. Over the appellants' joint and several motion for a new trial the court entered judgment in conformity with the verdict and in this appeal we are asked to determine (1) the sufficiency of the evidence to sustain the verdict; (2) the legality of said verdict; and (3) the propriety of the court's action in giving certain instructions to the jury and in refusing to give certain others tendered and requested by the appellants. An assignment that the damages assessed by the jury are excessive will not be considered because of the appellants' failure to treat it in their joint brief as required by Rule 2-17 (f), 1943 Revision.

There is no conflict in the evidence concerning the fact that at the time and place of the accident the appellant Howard Passage was an employee of the appellant D. Graff and Sons, a corporation, and was then and there engaged in his employer's business within the scope of his employment. We consider, therefore, that such is the established fact and any provable negligence on the part of the appellant Passage of which there is any substantial evidence is also the negligence of the appellant D. Graff and Sons.

The appellee's complaint charges the appellants with negligence in three particulars: (1) Operating the tractor and trailer in question at a speed in excess of thirty miles per hour in a residence district of the city of Gary; (2) operating said tractor and trailer on a public highway at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing; and (3) failure to keep a reasonable lookout for other vehicles rightfully on the highway. If there is any substantial evidence in the record

tending to prove any one of these charges of negligence and that such negligence was the proximate cause of the accident, we cannot say that the verdict is not sustained by sufficient evidence. It is undisputed that the accident in controversy occurred at the intersection of Fourth Avenue and Marshall Street and that such intersection is within the corporate limits of the city of Gary. The appellant Passage testified as follows: "I would say the district was semi-business and semi-residence. There is a big gas station on the right one block from where I was wrecked and there is a grocery store a half block on the left to the west of where I was wrecked, and there is a school house a block east, and it is built up on both sides of Marshall Street with dwellings. There is a greenhouse in the block right next there, I believe. I am well acquainted with U. S. 12 (Fourth Avenue). In the past two years there was some weeks I was over it as many as five trips, that would be ten times, and other weeks just a couple of trips, but I have been over it many times. There were marks along U. S. 12 indicating the speed limit near the scene of the accident; they were posted at thirty miles an hour at that time." Mrs. William Carter, a witness for the appellee, testified as follows: "Next to Marshall Street going west is Bridge Street. Fourth Avenue and Marshall Street, as to the buildings and surroundings there, it is bungalows and company houses. There is a grocery store across the alley going to Bridge Street, between Bridge Street and Marshall Street. From my observations of Marshall and Fourth Avenue and Bridge Street, I would say that part is built up. East of Marshall Street is Ellsworth and Ambridge School. Ambridge School is a block from Marshall Street and it is between Ellsworth and Rutledge." From the testimony of Albert B. Conley we quote the following: "In the ten years

or more I drove trucks I have driven tractor and trailer and ton and a half and two tons and three tons; I have driven these various kinds of trucks in traffic conditions such as they were at the scene of the accident, over six years over Hammond and Chicago. From what I saw of the approaching truck and the collision as it was when I got there and the condition of it I have an opinion as to how fast that truck was coming. In my opinion the loaded truck was approaching there at a speed of between 40 and 45 miles per hour."

In our opinion this is substantial evidence to support the charge that at the time of the accident the appellants were operating their tractor-trailer in a residence section of the city of Gary at a speed which the statutory law on the subject characterizes as negligence *per se* and made *a prima facie* case for the appellee. § 47-2004, Burns' 1940 Replacement, § 11189-65, Baldwin's Supp. 1939. Whether such *prima facie* case was overcome by evidence to the contrary was wholly a question for the jury to determine and its finding in respect thereto is beyond our reach to disturb. As the evidence is sufficient to sustain the verdict on the charge of negligence above discussed, it is unnecessary for us to consider whether there is evidence in the record tending to prove the other acts or omissions constituting the negligence charged in the complaint.

In support of their assignment that the verdict is contrary to law the appellants contend that the evidence is such that contributory negligence should be declared by the court. This argument is based on the factual premise that before the appellee entered the intersection he looked along Fourth Avenue to the east but did not see the appellant's truck. That when he so looked there was no obstruction to his view and said truck was then so close to the intersection that

it constituted a dangerous hazard to anyone attempting to cross ahead of it. That to say, under such circumstances, that he looked and did not see, is so incredible that courts will charge contributory negligence as a matter of law if by heeding what the law charges him with having seen, he could have avoided the accident.

It must be admitted that there is evidence to support this factual background and that the legal principle the appellants seek to apply thereto has been recognized by the courts of this state. However, there is other evidence in the record which, we think, takes the question of contributory negligence away from the court and places it squarely within the province of the jury. It appears that there are electrically operated stop and go lights at the intersection of Fourth Avenue and Bridge Street one block west of the intersection in controversy. In describing his actions as he approached Fourth Avenue from the south on Marshall Street the appellee said he stopped his automobile before entering the intersection and "glanced to the left and saw they just got the go-light there, coming from Chicago, and I took a glance the other way (towards the appellant's truck) and saw some traffic coming, but it looked like I had lots of room there and I started on across. I had planned on making a left turn there and going up to the next block and making a turn into the factory but as I came into the middle of the street there was a car coming from the west quite fast. He was coming too fast to stop for this other traffic or he was going on around it, I didn't know which. There was danger of his running into me if I made my turn and I noticed another car that was coming to a stop and I decided to drive right on across to avoid getting hit by his car that was coming. "Q. Did you see the tractor-trailer before you were

struck? A. I must have saw it when I first pulled out.

"Q. How far would you say that it was when you first saw it? A. Well, at least two-thirds of a block away. I didn't pay any particular attention whether the traffic was trucks or not but I saw traffic coming up there."

Contributory negligence becomes a question of law only when the evidence most favorable to the plaintiff and all proper inferences therefrom are such that reasonable minds will agree that the injury complained of was the proximate result of the plaintiff's own negligence. *Gatewood* v. *Lynch* (1939), 107 Ind. App. 168, 23 N. E. (2d) 289; *Toenges* v. *Walter* (1941), 109 Ind. App. 41, 32 N. E. (2d) 95. It is clear, from the excerpt of the record we have set out above, that such a state of the evidence does not confront us in this case. Whether a motorist who stops his automobile before entering an intersection, looks both ways along the street he is about to cross and observes traffic approaching two-thirds of a block away and concludes he can pass ahead of it in safety, is negligent in attempting so to do, is clearly a question for the jury to determine.

The remaining questions before us concern themselves with certain instructions tendered by the appellants and refused by the court and certain others given by the court upon its own motion. Under Proposition III, Point 1, in their brief, the appellants say: "The court erred in refusing to give to the jury each instruction numbered 3, 5, 6, 7, 8, 9, 10, 11 and 12 separately and severally tendered by the defendants and cross-complainants." This multiple assignment of error is supported by the broad and comprehensive statement that each of said instructions is applicable

to the facts, is a correct statement of the law, and its subject matter is not covered by other instructions given. The burden is thus cast upon us of examining each of such tendered instructions, comparing it with those given, and ferreting out for ourselves its applicability by searching the record for evidence in its support. We said in *Baltimore & O. R. Co.* v. *Pertics* (1943), 112 Ind. App. 674, 677, 46 N. E. (2d) 251: "Under the heading 'Propositions and Authorities' appellant states 'Proposition I' as follows: 'The Court erred in giving of its own motion each of the Court's instructions numbers 1 to 6 inclusive.' This is unsupported by any point wherein the court's attention is directed to any one of the six instructions involved, nor is it pointed out in what respect any specific instruction is erroneous. A blanket proposition of this character falls far short of the particularity required by Rule 2-17 (f) of the Rules of the Supreme and Appellate Courts wherein it is provided that 'Each proposition shall be supported by separately numbered or lettered points or statements of rules of law applicable thereto, with citation of authorities in support thereof.' The bare statement of a legal proposition, even though supported by authorities, presents nothing for review when its application to the case involved is not shown. *Metropolitan Cas. Ins. Co.* v. *Peabody Lbr. Co.* (1934), 99 Ind. App. 307, 192 N. E. 323; *Imler* v. *Imler* (1935), 101 Ind. App. 241, 198 N. E. 796; *Markey, Rec.* v. *McReynolds* (1936), 102 Ind. App. 183, 1 N. E. (2d) 654."

The appellants object to Instruction No. 1, given by the court on its own motion, because it fails to inform the jury as to each specific act of negligence charged against the appellee in their respective cross-complaints. We find no need of setting out the instruction verbatim and consider it sufficient to

say that, although incomplete, it is a correct statement of the issues as far as it goes. The appellants make no contention to the contrary nor do they claim to have tendered any instruction whatever defining the issues joined by the pleadings. In *Cleveland, etc., R. Co.* v. *Harrison* (1912), 178 Ind. 324, 98 N. E. 729, it is said: "The ground of objection is not that the statement of the law in itself is incorrect, but that the court failed to make the instruction complete by informing the jury that contributory negligence might be proved either by the testimony of plaintiff's or defendant's witnesses, or by both. Appellant tendered no instruction on the subject. Had a fuller instruction been requested, we must presume the trial court would have given it to the jury, and, in the absence of such requested instruction, appellant cannot, with just reason, complain." See also *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177; *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 92 N. E. 49, 94 N. E. 881, 4 C. J. S. Appeal and Error, § 307, p. 618.

Instruction No. 6, given by the court on its own motion, is a general instruction in which the jury is told that, under the issues joined, the burden is on the appellants to prove the material allegations of their respective cross-complaints by a fair preponderance of the evidence and a failure to do so bars recovery. The instruction contains a somewhat brief but substantially accurate definition of the term "preponderance of the evidence" and the appellants' sole objection thereto is that the specific charges of negligence upon which they have the burden are not set out therein or elsewhere in the court's entire charge. As decisive on this point we quote from *Guardian Life Ins. Co. of America* v. *Barry* (1941), 109 Ind. App. 286, 32 N. E. (2d) 599, as follows: "The mere failure of a

court to state the issues in the instruction to the jury is not reversible error. If a party desires a full and specific instruction as to what the issues are, it is incumbent upon him to prepare such an instruction and present the same to the court at the proper time, with a proper request that the same be given. If he fails to do this, he has no ground to complain that the court did not state the issues to the jury. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind.. 438, 78 N. E. 1033."

The appellants next complain of Instruction No. 8, given by the court on its own motion, which they say is erroneous in that it casts the burden on them of proving all the issues involved in the entire case. This question cannot be discussed intelligently without reference to Instruction No. 7, concerning which the appellants urge no objection, and we therefore set out both instructions verbatim:

#### "Instruction No. 7

"The burden of proof on all of the issues in this case, in relation to the complaint, is upon the plaintiff, and before he is entitled to recover in this action he must prove by a fair preponderance of the evidence the material allegations of his complaint.

"If the evidence upon any issue involved in this case is evenly balanced, then it is your duty to determine such issue against the plaintiff, as hereinbefore stated, he has the burden of proving all of the issues involved in this lawsuit.

#### "Instruction No. 8

"The burden of proof on all of the issues in this case, in relation to the cross-complaints, is upon the defendants, and before they are entitled to recover in this action they must prove by a fair preponderance of all the evidence the material allegations of their cross-complaint.

"If the evidence upon any issue involved in this case is evenly balanced, then it is your duty to determine such issue against the cross-complainants, as hereinbefore stated, they have the burden of proving all of the issues involved in this lawsuit."

It will be noted that the last sentences of these instructions, when read together, place the burden of proving "all of the issues involved in this lawsuit" upon the appellee and the appellants alike. We would not hesitate to characterize either of these instructions, in the absence of the other, as erroneous and misleading. When read together, however, it is evident that the word "lawsuit" as used in each instruction, refers to the cause of action joined on the pleading to which the first sentence of each instruction refers. We presume, of course, that the jury which tried this case was made up of intelligent men who instinctively knew and appreciated, when considering the two instructions together, that the court intended to inform the jury that the burden rested upon each litigant to prove his own lawsuit.

In its Instruction No. 16 the court set out the pertinent parts of § 47-2004, Burns' 1940 Replacement, § 11189-65, Baldwin's Supp. 1939, which deals with speed regulations on public streets and highways in the state and § 47-2028, Burns' 1940 Replacement, § 11189-89, Baldwin's Supp. 1939, which fixes the duties of motorists entering through highways or at stop intersections. The appellants assert error in the giving of this instruction because it omitted to inform the jury that when two vehicles enter an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right as provided in § 47-2026, Burns' 1940 Replacement, § 11189-87, Bald-

win's Supp. 1939. We see no error in the omission as the statute in question has no application to through or preferential highways. In the present case each appellant's rights as a traveler on a through street and the appellee's duties as one about to enter such street at an intersection were governed by § 47-2028, Burns', § 11189-89, Baldwin's, *supra,* which statute was fully covered by the instruction.

Instruction No. 18, given by the court on its own motion reads as follows:

"Instruction Number 18

"The court instructs the jury that the fact, if you find it to be a fact, that a stop sign is posted or placed at the corner of 4th and Marshall Street, that fact alone would not justify the defendants to drive and operate their tractor without the use of reasonable care *and in utter disregard* for the safety of others using the street which intersects Fourth Avenue: That is to say that the fact, if you find it to be a fact, that Fourth Avenue and the place where the collision occurred is a preferential street by any police regulation or custom that, and of itself, is not a license or privilege to those who use said Fourth Avenue under all circumstances to fail to exercise reasonable care for the safety of those who may use the intersecting streets. I instruct you, the mere fact, if you find it to be a fact, that one vehicle has the right of way over the other vehicle at a street intersection, does not relieve the driver of the vehicle thus favored from the duty to exercise reasonable care to avoid collisions at such intersections." (Emphasis supplied.)

The appellants complain that the words we have italicized inject an issue into the case which is wholly outside the pleadings and in which there is no evidence to support. We could quite agree with the appellants in this particular except for the fact that the court does not

leave the jury to speculate as to what is meant by the statement objected to. By way of particular definition of the principle of law announced in that part of the instruction preceding the colon the court says: "That is to say . . . ." Then follows a clear definition of the duty the law imposes upon the driver of a motor vehicle on a preferential highway to use reasonable care to avoid collisions with other vehicles at street intersections. It is undisputed that the accident in controversy occurred in a closely built up section of the city of Gary. In answer to an interrogatory on the subject the jury found the appellants were operating their tractor-trailer at the time and place at a speed "in excess of thirty miles per hour." This was negligence *per se* and the general verdict for the appellee indicates that the *prima facie* case thus made was not successfully overcome. The damages assessed are within the evidence on the subject and show no prejudice. It seems apparent to us that the appellants were not harmed by the careless and inappropriate wording of the instruction in question. It may be regarded as settled law in this state that when an instruction states the law correctly, judgment will not be reversed because of its inapplicability to the evidence, where it appears from the entire record that the instruction did not injure the party complaining. *Hayden* v. *Souger* (1877), 56 Ind. 42; *Wiles* v. *Trustees of Philippi Church* (1878), 63 Ind. 206; *Stockton* v. *Stockton* (1881), 73 Ind. 510; *Reed* v. *The State* (1895), 141 Ind. 116, 40 N. E. 525; *Mode* v. *Beasley* (1896), 143 Ind. 306, 42 N. E. 727; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238; *Muncie Pulp Co.* v. *Hacker* (1906), 37 Ind. App. 194, 76 N. E. 770; *L. T. Dickason Coal Co.* v. *Liddil* (1911), 49 Ind. App. 40, 94 N. E. 411.

The court's Instruction No. 19 pertains to the question of damages in the event of a finding for the appellee. It concludes with the sentence: "You may not ▆▆▆▆ award any amount of damage by way of punishment of the defendant." The appellants object to this instruction because there was no issue of punitive damages involved in the case and a statement of law relating to irrelevant matters "might naturally mislead the jury" into the belief that the appellants' conduct was wholly irresponsible and wanton. We cannot accept this view of the matter. It has been said that among the benefits that should be derived from a charge to the jury are an elimination of irrelevant matters and a protection against the consideration of false issues. *Irvin* v. *R. R.* (1913), 164 N. C. 5, 80 S. E. 78; *Brand* v. *Herdt* (1932), Mo. App., 45 S. W. (2d) 878. It is common knowledge that the presence of huge trucking equipment on our highways is not regarded with too much favor by the general public and an instruction that the owners of such vehicles shall not be penalized by way of punitive damages in a simple negligence case certainly is not harmful but on the contrary serves to eliminate the possible consideration of a false issue.

Finally the appellants charge error in the court's Instruction No. 20, wherein the jury was informed that in the event it found for the appellee "You may, ▆▆ in fixing damages, consider . . . the physical pain and mental suffering he will probably undergo on account of his injuries in the future, if any." It is contended that there is no evidence in the record to justify an instruction on future pain and suffering, either physical or mental. Dr. Joseph Goldstone, who treated the appellee immediately after the accident, testified that he found a cut over the right eye about an inch and a half long, one over the right cheek two

inches long, another around the right eye over three inches long and a fourth cut of considerable length back of the right ear. All of these cuts required sutures and have resulted in the permanent disfigurement of the appellee's face. The appellee himself testified that, at the time of the trial, the top of his head still felt numb and that he was still nervous and subject to frequent and sudden headaches that persisted for an hour or two. We think this evidence justified the instruction.

We do not wish to be understood as approving instructions numbers 1, 7, 8 and 18 as models on the subjects they purport to treat. Their indiscriminate use in future litigation might very likely result in reversible error and such a result in this case has been avoided only because an examination of the entire record, including answers to the interrogatories returned by the jury with its general verdict, indicates that the appellants were not harmed thereby.

Finding no reversible error, judgment is affirmed.

### DISSENTING OPINION

HAMILTON, J.—I am unable to agree with the majority opinion insofar as it holds that the giving of instruction No. 18 did not constitute reversible error. It is my opinion that the judgment should be reversed because of error in giving instruction No. 18.

NOTE.—Reported in 61 N. E. (2d) 72.